705 A.2d 432

David J. BANIC, Appellant,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(TRANS–BRIDGE LINES, INC.), Appellee.**

Supreme Court of Pennsylvania.

Argued Dec. 11, 1996.

Decided Dec. 24, 1997.

Thomas M. Smith, Easton, for appellant.

Anthony Bilotti, Broomall, for appellee.

David Hawkings, Secretary, W.C.A.B.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

### OPINION OF THE COURT

CASTILLE, Justice.

The issue on appeal is whether a workers' compensation claimant who suffers a compensable injury before the effective date of the amendment to Section 306(a)(2) of the Workers' Compensation Act,[1] but who is incarcerated for a criminal conviction after the effective date of that amendment, is entitled to compensation benefits during his period of incarceration. Because we find that a claimant cannot receive benefits during his period of incarceration, we affirm the order of the Commonwealth Court suspending appellant's benefits for the time he spent incarcerated for his federal criminal conviction.

The relevant facts concerning this appeal are not in dispute. On April 6, 1992, appellant injured his lower back while in the course of his employment with Trans–Bridge Lines, Inc. ("Employer"). As a result of this injury, appellant began receiving weekly workers' compensation benefits in the amount of $326.55 pursuant to a Notice of Compensation payable dated April 27, 1992.

On July 12, 1993, appellant pled guilty in the United States District Court for the Eastern District of North Carolina to four counts of the federal offense of "transfer of any firearm knowing that such firearm will be used to commit a crime of violence."[2] Following the acceptance of appellant's guilty plea, the federal district court sentenced appellant to twenty-seven (27) months imprisonment and ordered appellant to begin serving his sentence on September 1, 1993.

1. 77 P.S. § 511(2).
2. 18 U.S.C. § 924(h).

On August 31, 1993, the Workers' Compensation Act of June 2, 1915 (the "Act") was amended.[3] One of the amendments was to Section 306(a)(2) of the Act, which provides, in pertinent part, that:

Nothing in this act shall require payment of compensation for any period during which the employe is incarcerated after a conviction.

77 P.S. § 511(2). When the 1993 amendments to the Act were enacted, the General Assembly provided that: "[n]o changes in indemnity compensation payable by this act shall affect payments of indemnity compensation for injuries sustained prior to the effective date of this section."[4]

On September 1, 1993, one day after the amendment to Section 306(a)(2) of the Act became effective, appellant reported to federal prison. On that same date, Employer ceased paying workers' compensation benefits to appellant because of the amendment to Section 306(a)(2) of the Act. On October 6, 1993, Employer filed a formal petition to suspend appellant's workers' compensation benefits because of appellant's incarceration. On November 12, 1993, appellant filed a penalty petition against Employer alleging that Employer violated the Workers' Compensation Act by unilaterally suspending payment of his benefits without a valid administrative or court order.

On March 18, 1994, the Workers' Compensation Judge ("WCJ"), after conducting hearings, dismissed Employer's suspension petition because it found that the amendment to Section 306(a)(2) of the Act was substantive in nature and that Employer erred by applying this amended provision retroactively to appellant. The WCJ, however, denied appellant's penalty petition because he found that Employer made a good faith challenge in seeking to suspend appellant's benefits since the General Assembly was less than clear on how the amendment to Section 306(a)(2) of the Act was to be applied to a situation like that faced by appellant.

3. Act of July 2, 1993, P.L. 190, No. 44 (commonly referred to as Act 44).

4. Section 26 of Act 44.

On June 23, 1994, the Workers' Compensation Appeal Board ("Board"), without taking any additional evidence, reversed that portion of the WCJ's order dismissing Employer's suspension petition. In doing so, the Board noted that it viewed the purpose of the language of the amendment to Section 306(a)(2) of the Act as clarifying the intent of the Act as it existed before the passage of Section 306(a)(2) as to an individual's inability to receive compensation benefits while incarcerated. The Board also interpreted the amendment to Section 306(a)(2) of the Act as affecting only those claimants who commenced a jail sentence on or after September 1, 1993 regardless of whether the injuries occurred prior to the effective date of the 1993 amendments (August 31, 1993). Thus, since appellant was imprisoned on September 1, 1993, the Board concluded that appellant's workers' compensation benefits should be suspended pursuant to the amendment to Section 306(a)(2) of the Act. The Board also affirmed the WCJ's conclusion that appellant's penalty petition should be denied.

Appellant then filed a timely appeal to the Commonwealth Court. The Commonwealth Court, in a two-to-one decision, affirmed the Board's order suspending appellant's benefits and denying appellant's penalty petition. In arriving at this decision, the Commonwealth Court majority reasoned that the date crucial to determining the applicability of the amendment to Section 306(a)(2) of the Act for payment of benefits to incarcerated claimants was the date a person began serving his prison sentence rather than the date when he began receiving benefits. Accordingly, the Commonwealth Court held that the amendment to Section 306(a)(2) of the Act applied to any claimant who was incarcerated on or after August 31, 1993. The dissenting member of the Commonwealth Court panel disagreed with the majority because he believed that the date of incarceration was irrelevant. Instead, since the amendment to Section 306(a)(2) of the Act expressly applied only to injuries which occurred on or after August 31, 1993, the dissent believed the date when the work-related injury occurred was the dispositive fact. Since appellant's injuries occurred before the effective date of the amend-

ment, the dissent reasoned that the majority was impermissibly applying the amendment to Section 306(a)(2) of the Act retroactively to appellant.

■ We granted *allocatur* in order to determine whether a workers' compensation claimant who suffers his compensable injury before the effective date of the amendment to Section 306(a)(2) of the Act, but who is incarcerated for a criminal conviction after the effective date of that amendment, is entitled to compensation benefits during his period of incarceration.[5] Appellate review of a workmen's compensation order is limited to determining whether the lower tribunals committed a constitutional violation or an error of law and whether substantial evidence supports the necessary findings of fact. *Pieper v. Ametek–Thermox Instruments Div.*, 526 Pa. 25, 31, 584 A.2d 301, 303 (1990).

Appellant contends that he is entitled to receive compensation benefits because the Board's and Commonwealth Court's determination that the amendment to Section 306(a)(2) of the Act bars his receipt of benefits constitutes an impermissible retroactive application of a substantive change in the law adversely affecting his compensation benefits to which he was entitled before the amendment. Because we find that the state of the law as it existed before the enactment of the amendment to Section 306(a)(2) of the Act prevented appellant from receiving payment of benefits because of his incarceration, we affirm the Commonwealth Court, albeit on different grounds. *See Gilbert v. Korvette*, 457 Pa. 602, 604 n. 5, 327 A.2d 94, 96 n. 5 (1974) (a reviewing court can affirm the order of the courts below if the lower courts are correct for any reason, regardless of the reasons relied upon by the court below).

Under Pennsylvania law, disability has long been synonymous with the loss of earning power. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 248, 532 A.2d 374, 378 (1987). It has also been

---

5. The Commonwealth Court's affirmance of the Board's denial of appellant's penalty petition is not before this Court.

long established that a claimant's entitlement to workers' compensation benefits requires the claimant to prove that he suffered an injury in the workplace and that the injury impairs his ability to earn a wage. *Unora v. Glen Alden Coal Co.*, 377 Pa. 7, 12, 104 A.2d 104, 107 (1954).

The fact that a claimant can meet his burden of proof and begin receiving benefits does not mandate that the claimant receive benefits indefinitely. Rather, in recognition that a claimant's disability can change over time, the Act allows for the modification, reinstatement, suspension and termination of a claimant's benefits based upon the degree of change in a claimant's disability (his loss of earning power). Specifically, Section 413 of the Workers' Compensation Act provides that:

A referee designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its referee, upon petition filed by either party with the department, upon proof that the disability of an injured employee has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of the dependent has changed. Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or upon which it is shown that the status of any dependent has changed ... And provided further, That where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, unless it be shown that the loss in earnings does not result from the disability due to injury.

77 P.S. § 772. *See also Dillon v. Workmen's Compensation Appeal Board (Greenwich Collieries);* 536 Pa. 490, 640 A.2d 386 (1994) (Workers' Compensation Act provides that the status of an injured employee's disability is subject to change).

Here, the parties do not dispute that appellant was initially entitled to benefits because he met his burden by proving that the back injury he sustained while working for Employer caused an adverse impact of his earning power. However, when appellant was incarcerated on September 1, 1993, his loss of earning power was no longer causally related to his back injury. Instead, appellant's loss of earning power was caused by his incarceration in a federal penitentiary which necessarily set his earnings level at zero. Because of this change in circumstances, appellant's injury was no longer the cause of his decreased earning power such that compensation under the Act was warranted in order to provide him compensation for his work-related injury. Hence, Employer was entitled to seek a suspension of appellant's benefits pursuant to Section 413 of the Act.

■ The seminal case dealing with the proof requirements for a party seeking to suspend, terminate or modify benefits was set forth by this Court in *Kachinski, supra. Kachinski* 's four prong test requires that:

(1) The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all his ability must produce medical evidence of a change in condition.

(2) The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance.

(3) The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

(4) If the referral fails to result in a job the claimant's benefits should continue.

*Kachinski,* 516 Pa. at 251–52, 532 A.2d at 379–80.

However, history has shown that the four prong analysis of *Kachinski* is not to be rigidly applied to situations in which an employer seeks to suspend or terminate a claimant's benefits because the claimant's loss of earning power is no longer caused by the work-related injury but rather by something unrelated to the work related injury. As this Court noted in

*Dillon v. Workmen's Compensation Appeal Board (Greenwich Collieries)*, 536 Pa. 490, 640 A.2d 386 (1994), the Commonwealth Court was correct in the case of *Lukens, Inc. v. Workmen's Compensation Appeal Board (Williams)*, 130 Pa. Commw. 479, 568 A.2d 981 (1989), *appeal denied*, 527 Pa. 656, 593 A.2d 426 (1990), when it held that the first prong of *Kachinski* requiring "medical evidence of a change in condition" only applies when the employer seeks to modify, suspend or terminate benefits on the basis that the claimant has recovered some or all of his ability and such proof is not required when that is not the basis for seeking a decrease in benefits. *Dillon*, 536 Pa. at 501–02, 640 A.2d at 392 (tracing history of the change in physical condition requirement of Section 413 of the Workers' Compensation Act when examining a claimant's burden of proof in seeking modification of benefits). Also, this Court and the Commonwealth Court have consistently held that an employer does not need to demonstrate that a claimant is physically able to work or that available work has been referred to a claimant where the claimant has voluntarily retired or withdrawn from the workforce. *See Southeastern Pennsylvania Transportation Authority v. Workmen's Compensation Appeal Board (Henderson)*, 543 Pa. 74, 669 A.2d 911 (1995) (benefits suspended because of voluntary retirement; employer relieved of burden of showing claimant had no intention of returning to work); *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Petrisek)*, 537 Pa. 32, 640 A.2d 1266 (1994) ("focusing on the employer's failure to show available work begs the question when the claimant clearly admits voluntary retirement from the workforce"); *Dugan v. Workmen's Compensation Appeal Board (Fuller Co.)*, 131 Pa. Commw. 218, 569 A.2d 1038 (1990) (voluntary retirement).

■ In sum, these decisions make it clear that a party does not have to prove every prong of *Kachinski* where the facts demonstrate that the changed circumstances of a claimant's disability would make the showing of all four *Kachinski* factors irrelevant and fruitless. To hold otherwise would result in courts promoting form over substance.

█ Here, Employer was not seeking to suspend appellant's benefits because of a change in his medical condition. Rather, Employer sought to suspend appellant's benefits because his incarceration, rather than any change in his work-related injury, was the cause of appellant's loss of earning power. As noted above, disability under the Act has long been synonymous with a loss of earning power. Thus, the Act never would have mandated Employer to prove the first prong of *Kachinski* requiring the production of medical evidence showing a change in condition. Also, Employer was not required to present evidence of available jobs being referred to appellant while he was in prison. Similar to voluntary retirement cases, to require Employer to show available work would be an exercise in futility since appellant's incarceration would have prevented appellant from ever applying for any of the referred positions. Thus, Employer, under the Act as it existed prior to the amendment to Section 306(a)(2), would have been relieved from the second prong of *Kachinski* requiring it to make a showing that jobs were available within appellant's medical clearance and that these jobs were referred to appellant.[6]

█ Therefore, because "[b]enefits under the Act will only be permitted where the disability, work related injury or disease results in a loss of earning power,"[7] it is clear that workers' compensation benefits can be suspended under the

6. We note that case law on the effect incarceration had on the suspension or receipt of benefits before the amendment to Section 306(a)(2) lay solely within the Commonwealth Court. In those cases, the employer presented evidence that available jobs were referred to the claimant, thereby, relieving the Commonwealth Court from examining the issue of whether incarceration alone was sufficient to terminate or suspend benefits under the terms of the Workers' Compensation Act. *See Brown v. Workmen's Compensation Appeal Board (City of Pittsburgh)*, 134 Pa. Commw. 31, 578 A.2d 69 (1990), *appeal denied*, 527 Pa. 652, 593 A.2d 423 (1991) (suspension of incarcerated claimant's benefits); *Wheeling Pittsburgh Steel Corp. v. Workmen's Compensation Appeal Board (Stanley)*, 38 Pa. Commw. 370, 395 A.2d 586 (1978) (convicted felon not entitled to benefits where employer showed that were claimant not in prison there would be work available to him which he could perform with no loss of earnings).

7. *Republic Steel*, 537 Pa. at 38, 640 A.2d at 1270.

Act when a claimant is incarcerated since his work-related injury is not the cause of the loss of earning power while a person is incarcerated. It is also clear that the *Kachinski* test does not apply when an employer seeks to suspend benefits because of incarceration since the employer is not required to demonstrate that the claimant has recovered some ability or that available jobs were referred to the claimant. To interpret the Act in any other way would result in a incarcerated felon receiving a windfall since they would be receiving compensation for a loss of earning power not caused by his work-related injury. Thus, appellant's attempt to characterize this case as a misapplication of the amendment to Section 306(a)(2) of the Act is mistaken since the Act was never intended to provide benefits to a claimant who is incarcerated. Instead, we view the amendment to Section 306(a)(2) of the Act in a manner similar to the Board's view: as nothing more than a clarification that a claimant cannot receive benefits while he was incarcerated and we need not reach the retroactivity issue raised by appellant.

■ Applying the above to this case, appellant was incarcerated on September 1, 1993. Thus, the Act, even as it existed prior to the amendment to Section 306(a)(2) of the Act, mandated that appellant's benefits be suspended during his incarceration since it was appellant's own conduct, rather than his work-related injury, which caused his loss of earning power.[8] Accordingly, we affirm the Commonwealth Court's suspension of appellant's benefits for the time appellant was incarcerated because of his 1993 federal conviction.

NEWMAN, J., did not participate in the consideration or decision of this case.

8. While not part of the record, appellee notes in its brief to this Court that appellant's workers' compensation benefits were reinstated upon his release from prison on July 14, 1995 without appellant filing a petition for reinstatement. Thus, the issue of whether a claimant's release from prison automatically entitles the claimant to a reinstatement of benefits is left for another day.