HENKELS & McCOY, INC., Petitioner,

v.

WORKERS' COMPENSATION
APPEAL BOARD (HEN-
DRIE), Respondent.

Daniel Hendrie, Petitioner,

v.

Workers' Compensation Appeal
Board (Henkels & McCoy,
Inc.), Respondent.

Commonwealth Court of Pennsylvania.

Argued May 17, 1999.
Decided Aug. 5, 1999.
Reargument Denied Oct. 13, 1999.

Stephen J. Harlen, Philadelphia, for petitioner.

Joseph A. Prim, Jr., Philadelphia, for respondent.

Before McGINLEY, J., FRIEDMAN, J., and JIULIANTE, Senior Judge.

FRIEDMAN, Judge.

Henkels & McCoy, Inc. (Employer) appeals from an order of the Workers' Compensation Appeal Board (WCAB) affirming the decision of a workers' compensation judge (WCJ) to allow Employer a credit for payments of compensation made to Daniel Hendrie (Claimant) from August 31, 1993 to March 9, 1994, to reinstate benefits to Claimant as of March 10, 1994 and not to assess a penalty against Employer. Claimant has filed a cross-appeal.

On December 20, 1980, Claimant injured his back in the course of his employment with Employer. Employer paid Claimant total disability benefits pursuant to a notice of compensation payable. On April 11, 1990, Claimant was convicted of criminal trespass, for which he received a sentence of two to five years of incarceration in prison. On August 5, 1993, during his incarceration, Claimant was involuntarily committed to Norristown State Psychiatric Hospital (NSH).

On March 4, 1994, Claimant pleaded nolo contendere to the charge of making terroristic threats.[1]    Claimant had been

---

1. Claimant was charged with making threatening telephone calls, while in the custody of the Bucks County Prison, during the period from December 1993 to February 1994. (R.R. at 110a.)

scheduled for release from NSH on March 9, 1994 because Claimant's maximum term of confinement expired on that date. However, on October 26, 1994, Claimant was sentenced to five years probation, and, as a special condition of his probation, Claimant was involuntarily committed to NSH for treatment of his mental illness.

On May 18, 1995, Employer filed a petition to review Claimant's compensation benefits, alleging that Claimant was no longer entitled to workers' compensation benefits because he was incarcerated.[2] On March 14, 1996, Employer unilaterally suspended Claimant's workers' compensation benefits pursuant to section 306(a)(2) of the Workers' Compensation Act (Act).[3] On May 2, 1996, Claimant filed a penalty petition alleging that Employer's unilateral cessation of payments violated the Act; Claimant requested reinstatement of his benefits. Employer filed a timely answer to Claimant's penalty petition, denying that Employer violated the Act, and hearings were held before a WCJ.

Based on the evidence presented at the hearings,[4] the WCJ concluded that, under section 306(a)(2) of the Act, Claimant was considered "incarcerated" at NSH from August 31, 1993[5] through March 4, 1994. The WCJ allowed Employer a credit for benefits paid to Claimant during that period. The WCJ also concluded that, under section 306(a)(2) of the Act, Claimant was *not* "incarcerated" at NSH after March 9, 1994.[6] The WCJ ordered Employer to reinstate Claimant's benefits as of that date. Finally, the WCJ concluded that Employer violated the Act by failing to pay benefits to Claimant when he was not "incarcerated." However, the WCJ did not assess a penalty against Employer because of the lack of legal precedent with respect to section 306(a)(2) of the Act. Both parties appealed to the WCAB, which affirmed the decision of the WCJ.

Both parties have now appealed to this court.[7] Along with its petition for review, Employer filed an application for supersedeas, which this court granted on February 10, 1999. Following argument on the consolidated appeals, this court ordered the parties to file a stipulation to indicate whether and when Employer sought a supersedeas during the proceedings before the WCJ and the WCAB. The parties

2. Although the WCJ found that Employer made this allegation in its May 18, 1995 petition, (WCJ's decision at 2), Employer's petition states: "Instant petition is filed solely for purpose of subpoenaing records not otherwise available, and does not challenge claimant's continued receipt of workers' compensation benefits at this time." (O.R., Employer's petition.) Employer asserts in its petition for review filed with this court that Employer "later amended" its May 18, 1995 petition to make it a suspension petition, asserting that Claimant is "no longer" entitled to benefits due to his incarceration. (Employer's petition for review, para. 7.) However, there is no evidence of such an amendment. in the record. Claimant does not raise this as an issue; therefore, we shall not discuss it further.

3. Section 306(a)(2) of the Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 511(2), provides: "Nothing in this act shall require payment of total disability compensation benefits for any period during which the employe is incarcerated after a conviction." We note that section 306(a)(2) of the Act was amended

in 1996; however, that amendment has no effect on the outcome here.

4. The only evidence presented by Employer was a compilation of documents from Claimant's records at NSH and Bucks County Correctional Facility. The only evidence presented by Claimant was his attorney fee agreement.

5. Although Claimant was involuntarily incarcerated at NSH on August 5, 1993, the 1993 amendments to the Act, which added section 306(a)(2) to the Act, did not become effective until August 31, 1993.

6. As indicated above, Claimant's maximum term of confinement expired on March 9, 1994.

7. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether substantial evidence exists to support the necessary findings of fact. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

subsequently filed the stipulation, indicating that Employer first sought a supersedeas on August 17, 1997, during the proceedings before the WCAB.

## I. Employer's appeal
### A.

Employer argues that the WCJ and the WCAB erred in concluding that Claimant was *not* "incarcerated" at NSH under section 306(a)(2) of the Act as of March 10, 1994. We disagree.

■ Section 306(a)(2) of the Act states that an employer is not required to pay compensation for any period during which the claimant is "incarcerated after a conviction." The word "incarceration" means: "imprisonment" or "confinement in a jail or penitentiary."[8] Black's Law Dictionary 760 (6th ed.1990). Moreover, the phrase "incarcerated *after a conviction*"[9] indicates that the word "incarcerated" must be construed in the context of a criminal proceeding. In a criminal proceeding, the offender receives a sentence after conviction. Sections 9724 and 9725 of the Sentencing Code[10] provide for the sentences of partial or total confinement. Section 9762 of the Sentencing Code[11] provides that, when a prisoner receives a sentence of partial or total confinement, the prisoner is to be committed to a jail or penitentiary. Thus, the phrase "incarcerated after a conviction," as intended in

section 306(a)(2) of the Act, refers to persons sentenced to partial or total confinement in a jail or penitentiary after conviction in a criminal proceeding.

■ Here, as of March 10, 1994, Claimant was *not* serving a sentence of partial or total confinement in a jail or penitentiary; rather, Claimant was serving a sentence of probation with a special condition that Claimant receive treatment at NSH.[12] For that reason, Claimant was *not* "incarcerated after a conviction" on or after March 10, 1994 within the meaning of section 306(a)(2) of the Act.

### B.

In the alternative, Employer argues that the WCJ, affirmed by the WCAB, erred in reinstating Claimant's workers' compensation benefits as of March 10, 1994 because Claimant's loss of wages on and after that date is due to his treatment at NSH, not his work injury. We agree.[13]

■ In *Banic v. Workmen's Compensation Appeal Board (Trans–Bridge Lines, Inc.),* 550 Pa. 276, 705 A.2d 432 (1997), the Pennsylvania Supreme Court held that a claimant who is incarcerated is not entitled to workers' compensation benefits because the work-related injury is no longer the cause of the claimant's loss of earning power. Although Claimant was not "incarcerated after a conviction" as of March 10,

---

8. "Words and phrases shall be construed according to rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning ... shall be construed according to such peculiar and appropriate meaning or definition." Section 1903(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903(a).

9. Section 306(a)(2) of the Act (emphasis added).

10. 42 Pa.C.S. §§ 9724 and 9725.

11. 42 Pa.C.S. § 9762.

12. *See* Section 9754(c)(3) of the Sentencing Code, 42 Pa.C.S. § 9754(c)(3) (stating that a court may order probation and, as a special condition, require the defendant to "undergo available medical or psychiatric treatment and to enter and remain in a specified institution, when required for that purpose").

13. In his brief to this court, Claimant asserts that medical records provided by Employer at a February 18, 1999 penalty petition hearing indicate that Claimant suffered from a posttraumatic stress disorder as a direct consequence of his work injury. Thus, Claimant contends that his treatment at NSH is related to his work injury. (Claimant's brief at 7–8.) However, these medical records are not before us. The WCJ decision that is before us here, which was prepared on July 29, 1997, never considered those medical records.

1994, Claimant's loss of earning power was no longer the result of his work injury. It was the result of his commitment to NSH for treatment of his mental illness. Therefore, the WCJ, affirmed by the WCAB, erred in reinstating Claimant's benefits as of March 10, 1994.

## II. Claimant's Appeal
### A.

Claimant argues that the WCJ and WCAB erred in concluding that Claimant was "incarcerated" under section 306(a)(2) of the Act from August 31, 1993 through March 9, 1994 and that Employer was entitled to a credit for overpayments made during that period. We hold that Claimant was "incarcerated after a conviction" under section 306(a)(2) of the Act from August 31, 1993 through March 9, 1994; however, Employer is *not* entitled to a credit for overpayments made to Claimant during that period.

■ When Claimant was transferred to NSH for treatment from August 31, 1993 to March 9, 1994, Claimant was serving a sentence of total confinement in prison. Thus, Claimant was "incarcerated after a conviction" under section 306(a)(2) of the Act. Claimant's status was unaffected by the fact that he served a portion of the sentence of incarceration at NSH. In *Brinker's International, Inc. v. Workers' Compensation Appeal Board (Weissenstein)*, 721 A.2d 406 (Pa.Cmwlth.1998), this court held that a prisoner on work release is considered "incarcerated" for purposes of section 306(a)(2) of the Act because the prisoner remains in the constructive custody of the Commonwealth and may be charged with escape for failing to return to the prison or housing facility from outside employment. Likewise here, although Claimant was receiving treatment at NSH from August 31, 1993 to March 9, 1994, Claimant remained in the constructive custody of the Commonwealth.

■■ However, Employer is not entitled to a credit for its overpayments to Claimant from August 31, 1993 to March 9, 1994. This court has stated that, when there is an overpayment of benefits, relief must be obtained from the supersedeas fund. *Murphy v. Workmen's Compensation Appeal Board (Ames Department Store)*, 146 Pa.Cmwlth. 366, 605 A.2d 1297 (1992). There is no authority permitting an employer to get reimbursement for an overpayment of benefits from a claimant. *Id.* The purpose of the supersedeas fund is to provide a means to protect an employer who makes compensation payments to a claimant who, ultimately, is not entitled thereto. *W & L Sales Co., Inc. v. Workmen's Compensation Appeal Board (Drake)*, 123 Pa.Cmwlth. 158, 552 A.2d 1177 (1989), *aff'd*, 524 Pa. 591, 574 A.2d 603 (1990).[14]

■ In this case, Employer never requested a supersedeas in the proceedings before the WCJ; rather, Employer first requested a supersedeas on August 17, 1997 during the proceedings before the WCAB. Where an employer seeks reimbursement from the supersedeas fund for an overpayment of benefits, reimbursement is due from the date of the request for supersedeas. *Department of Labor and Industry v. Workmen's Compensation Appeal Board (Bethlehem Mines Corp.)*, 79 Pa.Cmwlth. 290, 469 A.2d 705 (1984). Thus, here, Employer is entitled to be reimbursed from the supersedeas fund only for overpayments made to Claimant on or after August 17, 1997. Employer cannot receive reimbursement from the supersedeas fund for its overpayment of benefits to Claimant from August 31, 1993 to March 9, 1994.

**14.** *See also Cashmark v. Workmen's Compensation Appeal Board (Great A & P Tea Co.)*, 135 Pa.Cmwlth. 464, 580 A.2d 1189 (1990), and *Vas v. Workmen's Compensation Appeal Board (Bethlehem Steel Corp.)*, 109 Pa. Cmwlth. 447, 531 A.2d 555 (1987) (holding that, where an employer has filed a modification petition, the employer is not entitled to a credit for the overpayment of workers' compensation benefits absent a supersedeas).

■ Unable to obtain reimbursement from the supersedeas fund for overpayments made to Claimant from August 31, 1993 to March 9, 1994, Employer asks this court to allow a credit for the overpayment based on the equitable principle of unjust enrichment. We decline to apply the doctrine of unjust enrichment here.

To prevent unjust enrichment, this court has allowed an employer to receive a credit for the overpayment of benefits to a claimant resulting from a mathematical miscalculation that went undetected for approximately six years. *Fahringer, McCarty & Grey, Inc. v. Workmen's Compensation Appeal Board (Green)*, 107 Pa.Cmwlth. 597, 529 A.2d 56 (1987). Here, Employer's overpayment to Claimant is *not* the result of an undetected mathematical miscalculation. Rather, Employer's overpayment is simply the result of Employer's decision to continue paying benefits to Claimant during his incarceration without contesting Claimant's right to benefits under section 306(a)(2) of the Act[15] or under prior case law.[16] Because the overpayment of benefits in this case is not the result of a mathematical miscalculation and because Employer could have avoided the need to request a credit by simply filing a suspen-

sion petition and requesting a supersedeas, we conclude that Employer is not entitled to a credit for the overpayments made to Claimant from August 31, 1993 to March 4, 1994.[17]

### B. Penalty Petition

■ Claimant also argues that the WCJ and WCAB erred in failing to assess a penalty against Employer for unilaterally ceasing the payment of benefits to Claimant on March 14, 1996 in violation of the Act. Employer claims that there was no violation of the Act under this court's decision in *Banic*.

In *Banic v. Workmen's Compensation Appeal Board (Trans–Bridge Lines, Inc.)*, 664 A.2d 1081 (Pa.Cmwlth.1995), *aff'd*, 550 Pa. 276, 705 A.2d 432 (1997), this court held that a unilateral cessation of benefits was authorized by section 306(a)(2) of the Act when a claimant is "incarcerated after conviction." In this case, as indicated above, Claimant was *not* "incarcerated after a conviction" on March 14, 1996. Thus, section 306(a)(2) of the Act did not permit Employer to unilaterally cease payment of benefits to Claimant on that date, and Employer violated the law in doing so.[18]

---

**15.** Employer argues that it could not unilaterally cease payment of benefits to Claimant under section 306(a)(2) of the Act until this court decided the case of *Banic v. Workmen's Compensation Appeal Board (Trans–Bridge Lines, Inc.)*, 664 A.2d 1081 (Pa.Cmwlth.1995), *aff'd*, 550 Pa. 276, 705 A.2d 432 (1997) (holding that section 306(a)(2) of the Act is self-executing). However, like the employer in *Banic*, Employer could have filed a petition to suspend Claimant's benefits under section 306(a)(2) of the Act.

**16.** *See Brown v. Workmen's Compensation Appeal Board (City of Pittsburgh)*, 134 Pa. Cmwlth. 31, 578 A.2d 69 (1990), *appeal denied*, 527 Pa. 652, 593 A.2d 423 (1991); *Wheeling–Pittsburgh Steel Corp. v. Workmen's Compensation Appeal Board (Stanley)*, 38 Pa. Cmwlth. 370, 395 A.2d 586 (1978).

**17.** Employer also argues that it is entitled to a credit for payments made to Claimant from March 8, 1989 to August 31, 1993. However, Employer failed to raise this issue in the petition for review filed with this court. There-

fore, the matter is waived and will not be addressed further. *See Borda Construction v. Workmen's Compensation Appeal Board (Borda)*, 689 A.2d 1005 (Pa.Cmwlth.1997).

**18.** As previously discussed, based on our supreme court's decision in *Banic*, Claimant was not entitled to benefits as of March 14, 1996 because Claimant's loss of wages on that date was due to his treatment for mental illness, not his work injury. Our supreme court stated in *Banic* that where a claimant's loss of earning power is due to incarceration, the employer is entitled to "*seek* a suspension" of the claimant's benefits. *Banic*, 550 Pa. at 283, 705 A.2d at 436 (emphasis added). Thus, in this case, Employer was entitled to seek a suspension by filing a suspension petition.

Moreover, in this court's *Banic* decision, we stated that although we do not generally endorse an unauthorized supersedeas, section 306(a)(2) of the Act provides a statutory basis for the unilateral suspension of benefits. As of March 14, 1996 in this case, section

 Despite Employer's violation of the Act, the WCJ and WCAB did not impose a penalty on Employer because the law was unsettled with regard to section 306(a)(2) of the Act. Section 435(d)(1) of the Act, added by section 3 of the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. § 991(d)(i), gives a WCJ the power to impose penalties for violations of the Act. However, the imposition of penalties is not automatic; it is left to the discretion of the WCJ. *Campbell by Campbell v. Workmen's Compensation Appeal Board (Hards Construction Co.),* 695 A.2d 976 (Pa.Cmwlth.1997). In this case, because the law in this area was unsettled, we do not believe that the WCJ erred in failing to impose a penalty.

### III. Conclusion

Based on the foregoing, we reverse that portion of the WCAB's order reinstating benefits as of March 10, 1994. We reverse that portion of the WCAB's order allowing Employer a credit for overpayments made to Claimant from August 31, 1993 to March 9, 1994. We affirm that portion of the WCAB's order not assessing a penalty against Employer.

### ORDER

AND NOW, this 5th day of August, 1999, that portion of the Workers' Compensation Appeal Board's (WCAB) order affirming the workers' compensation judge's (WCJ) decision to reinstate Daniel Hendrie's (Claimant) benefits as of March 10, 1994 is reversed. That portion of the WCAB's order affirming the WCJ's decision to allow Henkels & McCoy, Inc. (Employer) a credit for overpayments made to Claimant from August 31, 1993 to March 9, 1994 is reversed. That portion of the WCAB's order affirming the WCJ's deci-

306(a)(2) of the Act did not apply; thus, there was no statutory basis for the unilateral cessation of benefits. Again, Employer needed to file a suspension petition. Because Employer

sion not to assess a penalty against Employer is affirmed.

failed to do so, Employer violated the Act when it unilaterally ceased the payment of benefits to Claimant on March 14, 1996.