**COMMONWEALTH of Pennsylvania, DEPARTMENT OF CORRECTIONS and CompServices, Inc., Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (ANDERSON), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 1, 2000.
Decided Dec. 20, 2000.

John O. Dodick, Erie, for petitioners.

William G. Cohen, New Castle, for respondent.

Before COLINS, Judge,
LEADBETTER, Judge, and
McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

The Commonwealth of Pennsylvania, Department of Corrections and CompServices, Inc. (collectively hereafter referred to as Employer) petition for review of an order of the Workers' Compensation Appeal Board (Board), affirming an order of the Workers' Compensation Judge (WCJ), granting the petition for review/reinstatement filed on behalf of David Anderson (Claimant). We affirm.

The underlying facts of this case are not in dispute. Employer employed Claimant as a corrections officer at the State Correctional Institution at Mercer. In the course and scope of his employment on September 30, 1989, Claimant sustained numerous injuries when he fell down a flight of stairs. Claimant received total disability benefits pursuant to a notice of compensation payable issued by Employer and describing Claimant's injuries as "concussion, low back and knee pain, visual disturbance." In May of 1991, the Office of Attorney General (OAG) began an insurance fraud investigation which involved, among other individuals, Claimant.

Subsequently, the investigation was submitted to the Ninth Statewide Investigating Grand Jury, which issued Presentment No. 1, recommending that numerous charges be filed against Claimant. OAG then filed numerous criminal complaints against Claimant before a district justice in Erie County, three of which involved Claimant's workers' compensation claim. The charges relating to Claimant's workers' compensation claim included fraud in procuring insurance and collecting claims, insurance fraud and theft by deception. Following a preliminary hearing before the district justice, all of the charges were bound over for trial before the Court of Common Pleas of Erie County (trial court). OAG then filed criminal informations with the trial court.

Eventually, in June of 1994, a trial began before the trial court. During the course of this trial, the parties were able to reach a plea agreement, whereby Claimant agreed to plead guilty to two counts of theft by deception relating to separate homeowner's policies, one count of fraud in procuring insurance and collecting claims relating to a homeowner's policy and one count of arson relating to an automobile insurance policy. Under the terms of the plea agreement, OAG agreed to recommend a sentence of five to ten years incarceration, plus payment of restitution, court costs and grand jury costs. Additionally, as part of the plea agreement, Claimant agreed to waive his right to continued workers' compensation benefits and agreed to discontinue the workers' compensation benefits he was receiving at that time. As a further part of the plea agreement, OAG agreed to nolle pros the remaining counts, including the three counts relating to Claimant's workers' compensation claim.

In accordance with the plea agreement, on June 24, 1994, Claimant and Employer executed a supplemental agreement whereby Claimant agreed that he was fully recovered from his work-related injuries, that he was not entitled to any further benefits, wage loss or medical, and that he was not entitled to any future disfigurement benefits. Subsequently, the trial court sentenced Claimant to an aggregate term of five to ten years. While incarcerated, Claimant filed a petition to review/reinstate compensation benefits, alleging that Employer improperly terminated his benefits as of June 24, 1994. Employer filed an answer denying the allegation of Claimant's petition and noting the supplemental agreement executed by the parties. Employer also noted that said agreement was executed in connection with a plea agreement reached between Claimant and OAG regarding fraud charges.

The case was assigned to the WCJ. Employer filed a motion for bifurcation, requesting that the WCJ bifurcate the issues of liability and medical in connection with

Claimant's petition.[1] The WCJ granted Employer's motion and bifurcated the case. The case proceeded with hearings before the WCJ with respect to the issue of whether Claimant was permitted to proceed on his petition. In other words, the WCJ first determined, as he would later state in his decision, whether Claimant could "knowingly and willingly bargain away his rights under the [Pennsylvania] Workers' Compensation Act[2] in the context of a plea agreement in a criminal proceeding or [was] this precluded as against public policy such that any such agreement [was] null and void under the Act?"[3] Ultimately, the WCJ granted Claimant's review/reinstatement petition and set aside the supplemental agreement as null and void under Section 407 of the Act, 77 P.S. § 731.[4] Employer appealed to the Board and the Board affirmed. Employer thereafter filed a petition for review with this Court.

On appeal,[5] Employer argues that the WCJ and the Board erred as a matter of law in concluding that the supplemental agreement executed by the parties on June 24, 1994, constituted an illegal agreement under Section 407 of the Act. We disagree.

■ Section 407 of the Act provides, in pertinent part, that "any agreement ... permitting a commutation of payments contrary to the provisions of this act, or varying the amount to be paid or the period during which compensation shall be payable as provided in this act, shall be wholly null and void." With respect to this Section of the Act, we have previously indicated that although parties may stipulate to the extent of a claimant's loss of earning power, the stipulation is null and void under Section 407 if it is false and adversely affects substantial rights to which a claimant is entitled under the Act. *See Morgan v. Workers' Compensation Appeal Board (Volkswagen of America)*, 714 A.2d 1155 (Pa.Cmwlth.1998); *Fulton v. Workers' Compensation Appeal Board (School District of Philadelphia)*, 707 A.2d 579 (Pa.Cmwlth.1998). In addition, the stipulation may be set aside even if the party seeking to void the same entered into it upon advice of counsel. *Id.* Further, the burden is on the party seeking to set aside the stipulation or commutation agreement to prove that the agreement was false. *Id.*

■ The supplemental agreement executed by the parties provided that Claimant was fully recovered from his work-related injuries, that he was not entitled to any further benefits, wage loss or medical, and that he was not entitled to any future disfigurement benefits. Despite the fact that the statements were made in exchange for a negotiated plea agreement, at the time of the execution of this supplemental agreement, the parties were aware that these statements were patently false.

---

1. Counsel for the respective parties thereafter stipulated that the issues which had arisen in the context of the case should be bifurcated such that the issue of whether Claimant was permitted to proceed on the merits of the petition be disposed of initially and in advance of the receipt of evidence directed toward the merits of Claimant's petition. *See* WCJ's Decision, Finding of Fact No. 3, R.R. at 112a.

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2626.

3. The parties agreed that this was a case of first impression and that no appellate authority exists which would provide guidance on this issue.

4. However, the WCJ refused to reinstate Claimant's compensation benefits because of his continuing incarceration. *See* Section 306(a.1) of the Act, *added by* the Act of June 24, 1996, P.L. 350, 77 P.S. § 511.1 (no payment of compensation required for any period during which a claimant is incarcerated after a conviction).

5. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America )*, 121 Pa. Cmwlth. 436, 550 A.2d 1364 (1988).

Furthermore, there is no question that the supplemental agreement adversely affected substantial rights to which Claimant was entitled under the Act. Hence, we cannot say that the WCJ and the Board erred as a matter of law in concluding that the supplemental agreement executed by the parties was null and void under Section 407 of the Act.[6]

Next, Employer argues that the Board erred in affirming the decision of the WCJ without remanding the matter back to the WCJ for further proceedings on the merits of Claimant's reinstatement petition. Again, we disagree.

As indicated above, the supplemental agreement executed by the parties was null and void under Section 407 of the Act. As such, the supplemental agreement was unenforceable as to all provisions of the same and as to all parties. *See Reilly v. Workmen's Compensation Appeal Board (General Electric Company)*, 136 Pa. Cmwlth. 543, 584 A.2d 364 (1990). "In other words, we must treat [the agreement] as if it never existed" and "the parties are returned to the status as it was before they entered into the agreement." *Reilly*, 584 A.2d at 368; *see also Cahill v. Workmen's Compensation Appeal Board (North American Coal Corporation)*, 137 Pa.Cmwlth. 442, 586 A.2d 522 (1991), *reversed on other grounds*, 533 Pa. 223, 621 A.2d 101 (1993). Moreover, we have previously indicated that, following a claimant's release from incarceration, an "Employer is obliged, assuming Claimant remains totally disabled, to unilaterally recommence payment of benefits . . . ." *Banic v. Workmen's Compensation Appeal Board*

*(Trans–Bridge Lines, Inc.)*, 664 A.2d 1081 (Pa.Cmwlth.1995), *affirmed*, 550 Pa. 276, 705 A.2d 432 (1997).[7]

In this case, prior to the execution of the supplemental agreement, Claimant was receiving total disability benefits pursuant to a notice of compensation payable issued by Employer and describing Claimant's injuries as "concussion, low back and knee pain, visual disturbance." However, subsequent to said execution, Claimant was incarcerated and, pursuant to Section 306(a.1) of the Act, was not entitled to any benefits.[8] Nonetheless, in his brief to the Board, Claimant indicated that he had since been released on parole. *See* R.R. at 152a. Returning the parties to the status they occupied prior to the execution of the supplemental agreement, Claimant was entitled to a resumption of his total disability benefits upon his release from prison. Thus, we cannot say that the Board erred in affirming the decision of the WCJ without remanding the matter back to the WCJ for further proceedings on the merits of Claimant's reinstatement petition.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 20th day of December, 2000, the order of the Workers' Compensation Appeal Board is affirmed.

Judge LEADBETTER dissents.

---

**6.** We note that, with respect to this argument, Employer raises an additional issue in its brief to this Court concerning the "clean hands" doctrine. However, Employer first raised this issue in said brief and never raised this issue before the WCJ, the Board or in its petition for review. The law is well settled that issues not raised below or in a petition for review are waived and will not be addressed by this Court. *See Coombs v. Workmen's Compensation Appeal Board (Philadelphia Electric Company)*, 689 A.2d 996 (Pa. Cmwlth.1997); *Teledyne McKay v. Workmen's*

*Compensation Appeal Board (Osmolinski)*, 688 A.2d 259 (Pa.Cmwlth.1997).

**7.** Admittedly, on appeal, our Supreme Court did not address the issue of whether a claimant's release from prison automatically entitles the claimant to a reinstatement of benefits. Instead, the Court indicated that said issue would be "left for another day." *Banic*, 550 Pa. at 286, 705 A.2d at 437.

**8.** The WCJ noted the same in his decision and order.