**Harvey FLYNN, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (Sovereign Staffing Source, Inc.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 2, 2001.

Decided May 23, 2001.

---

Jennifer A. Kline, York, for petitioner.

Michael K. Hollinger, Harrisburg, for respondent.

Before McGINLEY, Judge, LEADBETTER, Judge, and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

Harvey Flynn (Claimant) petitions for review from the October 10, 2000 order of the Workers' Compensation Appeal Board (Board) that affirmed in part and reversed in part the September 3, 1999 decision of the Workers' Compensation Judge (WCJ) ordering Sovereign Staffing Source, Inc. (Employer) to pay Claimant workers' compensation benefits in the amount of $234.00 per week for the closed period of January 9 through May 9, 1999. We affirm.

On November 19, 1998, Employer issued a notice of temporary compensation payable to Claimant for an injury sustained to his right wrist on October 23, 1998. Thus, Employer paid Claimant workers' compensation benefits in the amount of $234.00 per week from October 24, 1998 up to and including January 8, 1999. Thereafter, on January 18, 1999, Employer issued a notice of denial of benefits to Claimant alleging that he was not entitled to benefits

after January 9, 1999 because he was incarcerated. Employer's insurer, however, continued to pay Claimant's medical expenses resulting from the work injury.

On February 1, 1999, Claimant filed a claim petition for benefits. Employer filed a timely answer admitting Claimant's injury; however, Employer alleged that Claimant was not eligible to receive benefits pursuant to Section 306(a.1) of the Workers' Compensation Act (Act),[1] which provides that "[n]othing in this act shall require payment of compensation under clause (a) or (b) for any period during which the employe is incarcerated after a conviction or during which the employe is employed and receiving wages equal to or greater than the employe's prior earnings."

The evidence before the WCJ revealed that Claimant was incarcerated and subsequently released to a halfway house, the Community Corrections Center (Center), in York, Pennsylvania. The terms of his residency required that Claimant be employed and self-sufficient. Although Claimant was able to leave the Center daily until approximately 11:00 p.m., he could not leave Pennsylvania. Failure to abide by these conditions subjected Claimant to the possibility of returning to prison.

*After* beginning his residency at the Center, Claimant obtained a position with Employer. On September 23, 1998, Claimant injured his right wrist and arm and he was unable to work thereafter. Claimant testified that he was able to remain at the Center because the injury caused his inability to work; it was not caused by some other reason.

1. Act of June 2, 1915, P.L. 736, *as amended,* added by Section 4 of the Act of June 24, 1996, P.L. 350, 77 P.S. § 511.1.

Employer paid Claimant workers' compensation benefits pursuant to a temporary notice of compensation payable until January 9, 1999, at which time Employer informed Claimant that it would not remit benefits on account of his incarceration. On May 10, 1999, Claimant was released from the Center.

Based upon the evidence presented, the WCJ concluded that Claimant demonstrated that work was available to him after his incarceration and that, therefore, Claimant's wage loss was due to his work injury rather than his incarceration. Thus, the WCJ ordered Employer to pay Claimant $234.00 per week in benefits for the closed period of January 9 through May 9, 1999, representing the time period that Employer failed to pay Claimant benefits.

On appeal, the Board reversed. It determined that the Act prohibited Claimant from receiving benefits during the time that he resided at the Center. The Board affirmed the WCJ's grant of Claimant's petition but further ordered that Claimant's benefits be suspended effective October 23, 1998, the date of the injury.

■■■ We are now asked to consider whether the Board erred in determining that Claimant was disqualified under Section 306(a.1) of the Act from receiving workers' compensation benefits. On review, we are limited to determining whether constitutional rights were violated, an error of law was committed, or whether the necessary findings of fact are supported by substantial evidence. *Urban v. Workers' Compensation Appeal Board (Burlington Coat Factory)*, 763 A.2d 564 (Pa.Cmwlth.2000).

In *Brinker's Int'l, Inc. v. Workers' Compensation Appeal Board (Weissenstein)*, 721 A.2d 406 (Pa.Cmwlth.1998), we first considered the effect of incarceration on the right to receive workers' compensation benefits. We noted that prior to the 1993 Amendments [2] to the Act, there was no express prohibition against an incarcerated claimant receiving workers' compensation benefits.

The *Brinker* Court noted that in passing Act 44, the General Assembly created Section 306(a)(2), now Section 306(a.1), and unambiguously demonstrated its intent to disqualify a claimant from receiving benefits for any period of time that a claimant is incarcerated after a conviction. *Id.* We further noted that the General Assembly failed to create any exceptions for prisoners on work release and that we could not create an exception where the General Assembly did not see fit to include one. *Id.* We concluded by stating that "a claimant who is incarcerated, even though eligible for work release, is nevertheless disqualified under Section [306(a.1) ] of the Act from receiving workers' compensation benefits." *Id.* at 409.

The *Brinker* claimant then argued that he was not incarcerated within the meaning of the Act because he was eligible for work release. We rejected this argument, concluding that although the claimant was eligible for work release, he remained in the constructive custody of the Commonwealth and could be charged with offenses in the event that he failed to abide by the terms of his release. *See also Henkels & McCoy v. Workers' Compensation Appeal Board (Hendrie)*, 738 A.2d 1 (Pa.Cmwlth. 1999).

Presently, Claimant argues that our language in *Brinker* allows for an incarcerated individual to receive benefits where he is able to demonstrate that he was available for work despite his incarceration. Claimant directs our attention to the language in *Brinker* wherein we stated that

**2.** Act of July 2, 1993, P.L. 190 (commonly referred to as Act 44).

[a]nd it is not the employer who has the burden of showing that an incarcerated claimant has recovered some earning power or that available jobs were referred to the claimant, but, in light of [*Banic v. Workmen's Compensation Appeal Board (Trans Bridge Lines, Inc.)*, 550 Pa. 276, 705 A.2d 432 (1997) ], it is the *claimant* who has the burden of proving that he was, even while disabled, nonetheless available for work despite his [ ] sentence. [The claimant] has failed to establish that in this case. *Id.* at 410 (emphasis in the original).

In the case *sub judice*, the WCJ found that Claimant established that he was available for work despite his incarceration. While we sympathize with Claimant, we did not, since we could not, create an exception to the Act for a claimant who could demonstrate that but for the work injury, he was available for work notwithstanding his incarceration. *Brinker; Vlasic Farms, Inc. v. Pennsylvania Labor Relations Bd.*, 734 A.2d 487 (Pa.Cmwlth.), *appeal granted*, 561 Pa. 664, 747 A.2d 904 (1999) (Commonwealth Court will not judicially alter the interpretation of a statute where the General Assembly has failed to do so legislatively). Absent such an exception, we are constrained to affirm the Board's order.[3]

### ORDER

AND NOW, this 23rd day of May, 2001, the October 10, 2000 order of the Workers' Compensation Appeal Board is hereby affirmed.

---

3. We note that the WCJ hearing transcript reveals that Employer resumed payment of Claimant's benefits as of May 10, 1999. (WCJ hearing transcript dated June 2, 1999, p. 9)