IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carlos Torijano, : 
           Petitioner : 
            : 
           v. : No. 1686 C.D. 2016
            : SUBMITTED: April 13, 2017
Workers' Compensation Appeal : 
Board (In A Flash Plumbing), : 
           Respondent : 


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE JULIA K. HEARTHWAY, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION BY JUDGE HEARTHWAY          FILED: August 30, 2017


Carlos Torijano (Claimant) petitions for review of the September 21, 2016 order of the Workers' Compensation Appeal Board (Board) which affirmed the workers' compensation judge's (WCJ's) decision and order granting In A Flash Plumbing's (Employer) suspension petition. We affirm.

Claimant was employed by Employer as a plumber's helper. (R.R. at 28.)[1] On May 30, 2014, Claimant sustained an injury, which Employer's notice of compensation payable described as a low back strain. (R.R. at 10, *see* WCJ's Findings of Fact (F.F.) No. 1.) Subsequently, Employer filed a petition to suspend compensation benefits alleging that Employer offered a specific job to Claimant

_____

[1] Although Claimant has not numbered the pages in the manner required by Pa. R.A.P. 2173, we will cite to them as numbered to avoid confusion.

which he refused. (WCJ's decision at 3.) Claimant filed an answer denying the material allegations, and hearings were held before the WCJ.

Employer offered the deposition testimony of Steven J. Valentino, D.O., Claimant's treating physician. Dr. Valentino testified that he first examined Claimant on July 1, 2014. Dr. Valentino opined that during treatment, Claimant could perform light duty work. Dr. Valentino last examined Claimant on August 19, 2014 and Claimant's exam was completely normal. Dr. Valentino felt that at that time, Claimant was fully recovered. (WCJ's F.F. No. 2.)

Employer also offered the testimony of Robbin Nocella. Ms. Nocella is a co-owner of Employer and performs administrative duties. Ms. Nocella testified that Claimant returned to work on June 11, 2014 with a ten pound lifting restriction. (WCJ's F.F. No. 3a, R.R. at 97.) Ms. Nocella stated that Claimant never complained that he was being given work he was not supposed to do. (WCJ's F.F. No. 3a, R.R. at 97.) Ms. Nocella also testified that she asked Claimant to call in before jobs and when he left in order to direct him to assignments and make sure he was getting light duty, as well as to keep track of his hours. (WCJ's F.F. No. 3b, R.R. at 98a, 105-06.) Ms. Nocella testified that Claimant did not usually call in, which led to a reprimand. (R.R. at 98a, *see* WCJ's F.F. No. 3b.) Ms. Nocella testified that she asked Claimant to sign a paper that she discussed the reprimand with him, and Claimant got upset. (R.R. at 99.) Claimant did not show up for work after she talked to him. (R.R. at 99.) Ms. Nocella stated that Claimant was not fired. (WCJ's F.F. No. 3c, R.R. at 99.) She stated that later, Claimant was "cleared" by his doctor but that Claimant never showed up after

2

being released to full duty, despite her sending him letters. (R.R. at 99, *see* WCJ's F.F. No. 3c.) She further stated that employment was available to Claimant even if restrictions were necessary. (R.R. at 100.)

Robert Nocella, Employer's vice-president also testified. Mr. Nocella testified that he provided Claimant with light duty work doing "HVAC" because it is lighter work than plumbing. (WCJ's F.F. No. 4a, R.R. at 111.) He testified that Claimant never complained that he was being asked to do more than permitted by his restrictions or that the work was worsening his condition. (WCJ's F.F. No. 4a, R.R. at 112.) Mr. Nocella testified that he met with Claimant in September 2014,[2] and Claimant told him that Ms. Nocella had asked Claimant to sign a letter regarding his failure to call in as requested and to get to assignments properly. (WCJ's F.F. 4c, R.R. at 112-13.) Mr. Nocella testified that Claimant stated he refused to sign the letter and quit because he was asked to sign the letter. (WCJ's F.F. No. 4b, R.R. at 113.) Mr. Nocella stated that work would still be available to Claimant if he had not quit, even if he required light duty. (WCJ's F.F. No. 4c, R.R. at 114.)

Employer also offered the testimony of Mark Riley who is a master plumber with Employer. Mr. Riley supervised Claimant when he returned to work with restrictions. Mr. Riley testified that he did not ask Claimant to work beyond his restrictions. (WCJ's F.F. No. 5b, R.R. at 118.) Mr. Riley testified that

---

[2] Mr. Nocella testified that when he arrived at a job site, Claimant was there speaking with Mark Riley, an HVAC supervisor. It appears that Claimant went to the job site to return money that Mr. Nocella loaned Claimant when he first got hurt. (R.R. at 111-13.)

3

Claimant did not complain that he had to do anything over his restrictions or that his symptoms were getting worse. (WCJ's F.F. No. 5c, R.R. at 118.)

Employer also offered the testimony of Kevin Kling, a master plumber with Employer. Mr. Kling testified that he supervised Claimant while he was working light duty. (WCJ's F.F. No. 6a, R.R. at 125.) Mr. Kling testified that he never asked Claimant to work beyond his restrictions. (WCJ's F.F. No. 6b, R.R. at 125.) Mr. Kling testified that Claimant never complained that work was worsening his back condition. (WCJ's F.F. No. 6b, R.R. at 126.)

Employer also submitted into evidence a copy of a letter dated July 23, 2014, from Ms. Nocella to Claimant. The letter stated that Employer had made light duty available to Claimant but he had not come to work, and Employer was "unsure of why we have not heard from you." The letter also stated that Employer could accommodate updated work restrictions based on Claimant's July 22, 2014 exam with Dr. Valentino, as it had done in the past. (Certified Record, Exhibit D-5.)

Claimant offered the deposition testimony of Christian I. Fras, M.D., who is a board certified orthopedic surgeon. Dr. Fras first examined Claimant in December 2014. (WCJ's F.F. No. 7a, R.R. at 180.) Dr. Fras diagnosed Claimant with aggravation of degenerative disc disease and spondylosis as a result of the work-related injury on May 30, 2014. (WCJ's F.F. No. 7c, R.R. at 184.) Dr. Fras also saw Claimant on January 5, 2015 at which time Claimant was still symptomatic (*see* WCJ's F.F. No. 7d, R.R. at 186-87), and again on May 18, 2015,

4

(R.R. at 189).  Dr. Fras opined that Claimant is capable of doing light duty work but is not fully recovered.  (WCJ's F.F. No. 7e, R.R. at 185-86, 188.)

Claimant testified that after he was injured, he returned to work in June 2014.  (WCJ's F.F. No. 8b, R.R. at 39.)  In his opinion, it was not light duty.  (WCJ's F.F. No. 8b, R.R. at 39.)  Claimant stated he did not tell the Nocellas that the work was too heavy; it was light duty for them.  (WCJ's F.F. No. 8b, R.R. at 40.)  Claimant claimed that he complained to Mr. Kling but not to the Nocellas.  (WCJ's F.F. No. 8b, R.R. at 42-43.)  Claimant stated he did not quit his job.  (WCJ's F.F. No. 8c, *see* R.R. at 47.)  Claimant admitted that he told the adjuster that the only reason he was not working was because of a reprimand he received.  (WCJ's F.F. No. 8c, R.R. at 47.)  Claimant said he did not feel fully recovered.  (WCJ's F.F. No. 8a.)

The WCJ credited the testimony of the Nocellas over that of Claimant as to the reason Claimant is not working, because Claimant conceded that he told the adjuster that the only reason he was not working was because of the reprimand he received.  (WCJ's F.F. No. 10.)  Additionally, the WCJ found that the fact that Claimant discussed with Mr. Nocella that Ms. Nocella asked Claimant to sign the letter regarding his lack of compliance with her request gave credence to the fact that Claimant was upset by that and quit.  (WCJ's F.F. No. 10.)  Additionally, the WCJ credited the testimony of Mr. Kling and Mr. Riley over that of Claimant regarding the work Claimant was given.  (WCJ's F.F. No. 11.)  The WCJ found that Ms. Nocella told Claimant not to do more than his restrictions allowed and that Claimant did not complain.  (WCJ's F.F. No. 11.)  The WCJ did not believe that

5

Claimant was asked to do more. (WCJ's F.F. No. 11.) The WCJ found that Claimant voluntarily quit. (WCJ's F.F. No. 12.) The WCJ concluded that Employer met its burden of establishing that work was available to Claimant and that Claimant did not return of his own volition. (WCJ's Conclusions of Law No. 3.) Accordingly, the WCJ granted Employer's suspension petition. The WCJ found, however, that Claimant was not fully recovered.

Claimant appealed to the Board, which affirmed. Claimant now petitions this Court for review of the Board's order,[3] arguing that the Board erred in suspending Claimant's benefits because Employer offered no medical evidence to establish that, as of the date Claimant allegedly quit, he was capable of returning to his pre-injury job or that any suitable light duty employment was available. Claimant contends that absent medical evidence by Employer identifying Claimant's physical abilities and available work within those abilities, Employer failed to meet its burden.[4]

---

[3] Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law was committed and whether necessary findings of fact are supported by substantial evidence. *Johnson v. Workmen's Compensation Appeal Board (Dubois Courier Express)*, 631 A.2d 693 (Pa. Cmwlth. 1993).

[4] Claimant maintains that this appeal does not implicate credibility determinations. Contrary to Claimant's position, however, the WCJ's credibility determinations are relevant in this appeal. It is well-settled that the WCJ is the sole arbiter of credibility, and she is free to accept or reject the testimony of any witness in whole or in part. *See Investors Diversified Services v. Workmen's Compensation Appeal Board (Howar)*, 520 A.2d 958, 962 (Pa. Cmwlth. 1987). Where the WCJ's findings are supported by substantial evidence, they are conclusive on appeal. *Glass v. Workers' Compensation Appeal Board (City of Philadelphia)*, 61 A.3d 318 (Pa. Cmwlth. 2013).

In order to suspend benefits, the employer must establish **either** that work within the claimant's restrictions was available **or** that the claimant's loss of earnings was caused by something other than the work-related injury. *Erisco Industries, Inc. v. Workers' Compensation Appeal Board (Luvine)*, 955 A.2d 1065, 1068 (Pa. Cmwlth. 2008). Here, Claimant's argument ignores the latter means by which an employer may meet its burden. Indeed, where "it is established that the claimant's loss of earnings is no longer the result of the work-related disability, the employer is not required to establish the availability of an alternative job within the claimant's medical restrictions." *Edwards v. Workers' Compensation Appeal Board (Sear's Logistic Services)*, 770 A.2d 805, 808 (Pa. Cmwlth. 2001) (*Edwards I*).[5] Further, Pennsylvania courts "have consistently held that an employer does not need to demonstrate that a claimant is physically able to work or that available work has been referred to a claimant where the claimant has voluntarily retired or withdrawn from the workforce." *Banic v. Workmen's Compensation Appeal Board (Trans-Bridge Lines, Inc.)*, 705 A.2d 432, 436 (Pa. 1997).

Here, there is substantial evidence indicating that Claimant's loss of earnings was a result of Claimant's own actions, i.e., a voluntary quit, and not his work-related injury. Specifically and significantly, Claimant admitted that he told the adjuster that the only reason he was not working was because of a reprimand he received. (R.R. at 47.) Additionally, the WCJ credited the testimony of the Nocellas in this regard, including Mr. Nocella's testimony that Claimant told Mr.

---

[5] In *Edwards I*, the claimant was released to light duty work but was terminated when he failed a drug test. This Court upheld the suspension of benefits, ruling that the claimant's loss of earnings was not the result of the work-related disability.

7

Nocella that Ms. Nocella had asked Claimant to sign a letter regarding the reprimand and that Claimant refused and quit because he was asked to sign the letter. (R.R. at 113.)

Additionally, there is substantial evidence that Claimant was actually working within his physical restrictions at the time he stopped reporting to work. Claimant admitted he returned to work in June 2014. Ms. Nocella also testified that Claimant returned to work in June 2014 with restrictions. Both Mr. Riley and Mr. Kling testified that Claimant was not asked to exceed his restrictions, and the WCJ credited this testimony. Additionally, Claimant never complained that he was being asked to exceed his restrictions.

We examine the record as a whole to see if it contains evidence a reasonable person might find sufficient to support the WCJ's findings. *Edwards v. Workers' Compensation Appeal Board (Epicure Home Care, Inc.)*, 134 A.3d 1156, 1161 (Pa. Cmwlth. 2016). "Further, we must view the evidence in the light most favorable to the prevailing party and give it the benefit of all inferences reasonably deduced from the evidence." *Id*. at 1161-62.

In sum, the WCJ made factual findings that accommodations for Claimant's physical limitations had been made by Employer and that Claimant had not been requested to exceed those limitations. More significantly, however, is the fact that Claimant admitted he left his job because of the reprimand. This fact is critical. This Court has consistently held that when a loss of earnings is related to a factor other than the work injury, the claimant's benefits must be suspended. *See*

*Edwards I.* Under the facts of this case, additional medical evidence potentially clarifying Claimant's physical limitations is not required.

Because Employer established that Claimant's loss of earnings is related to a factor other than his work injury, i.e., his voluntary quit, Employer was not required to establish the availability of an alternative job within Claimant's medical restrictions. *See Edwards I.* Further, where, as here, Claimant's loss of earnings is related to a factor other than his work injury, Claimant's benefits must be suspended. *See Edwards I.*

Accordingly, we affirm the order of the Board.

_____
JULIA K. HEARTHWAY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carlos Torijano,                 :
           Petitioner          :
                                   :
           v.                  :   No. 1686 C.D. 2016
                                   :
Workers' Compensation Appeal   :
Board (In A Flash Plumbing),     :
           Respondent      :

## O R D E R

AND NOW, this 30th day of August, 2017, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.

 

_____
JULIA K. HEARTHWAY, Judge