**Leah ZATUCHNI, by and through her next friend and father, Stephen ZATUCHNI, Petitioners,**

**v.**

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 17, 2001.

Decided Sept. 27, 2001.

Gary R. Block, West Chester, for petitioners.

Stephen E. Gorka, Harrisburg, for respondent.

Before PELLEGRINI, Judge, FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

FRIEDMAN, Judge.

Leah Zatuchni (Petitioner or Leah), by and through her next friend and father, Stephen Zatuchni, petitions for review of the January 3, 2001 order of the Department of Public Welfare (DPW), which denied Petitioner's appeal and affirmed the decision of the Hearing Officer. The Hearing Officer's decision upheld Keystone Mercy Health Plan's (KMHP) decision to deny Petitioner coverage for a wheelchair lift-equipped van. We affirm.

As part of Pennsylvania's Medical Assistance Program (MAP)[1], DPW is authorized to contract with several licensed managed care organizations, including KMHP, to provide medical services to Pennsylvania's Medical Assistance recipients.[2] Leah, a fifteen-year old Medical Assistance recipient, is enrolled in KMHP. (Hearing Officer's Findings of Fact, No. 1.) Leah has cerebral palsy and a seizure disorder and requires medical services outside her home. (Hearing Officer's op. at 5.) Recently, Leah underwent surgery. As a result, Leah's height increased four and one-half inches, preventing her from fitting into the lift-equipped van currently owned by her father, Stephen Zatuchni, Ph.D. (Dr. Zatuchni). (Hearing Officer's op. at 5.) Consequently, Petitioner sought to obtain a new lift-equipped van. However, on September 26, 2000, KMHP denied Petitioner's request for approval of a lift-equipped van on the grounds that it is not an item covered under the MAP. Petitioner, by and through her father, filed an appeal with DPW and a hearing was held before a Hearing Officer.

In support of its position, KMHP offered the testimony of William G. Chodoff, M.D., a board-certified pediatrician and medical director for KMHP. Dr. Chodoff testified that, in his position with KMHP, he reviews requests for durable medical equipment. Describing the review procedure, Dr. Chodoff stated that he first determines if the item is a benefit covered under the MAP and, if it is covered, he then determines if the covered item is medically necessary. (R.R. at 24a.) Dr. Chodoff testified that, on September 22, 2000, KMHP received a letter from Peter Gabos, M.D., requesting a van for Petitioner.[3] Dr. Chodoff testified that, following his usual procedure, he first determined that the van is not a covered benefit under Title XIX of the Social Security Act, which defines what is covered under Medicaid; therefore, he did not continue and review the request for medical necessity. (R.R. at 25a.)

For Petitioner's part, the question of the van's coverage under the MAP largely went unaddressed; rather, Petitioner asserted that, because KMHP failed to respond to the request within twenty-one days as required by DPW's regulations,

---

1. "The Medical Assistance Program is funded jointly by the state and federal government. Federal funding is contingent upon adherence to the requirements of the federal Medicaid statute, Title XIX of the Social Security Act [42 U.S.C. §§ 1396–1396v] ... and its accompanying regulations." (Hearing Officer's op. at 6.)

2. *See* section 443.5 of the Act of June 13, 1967, P.L. 31, *added by* section 7 of the Act of July 15, 1976, P.L. 993, 62 P.S. § 443.5.

3. Although dated September 11, 2000, the letter contains markings from a facsimile machine indicating that the letter was faxed on September 22, 2000; the letter also bears a stamp indicating that it was received on that same date. (Exh. C–5, R.R. at 166a.) Dr. Chodoff further testified that KMHP received a similar request from Dr. Michael Alexander in September 2000, which KMHP also denied. That request and denial are not at issue here.

the request for the van was deemed approved. Specifically, Petitioner maintained that the letter from Dr. Gabos requesting the van was sent to KMHP on June 1, 2000, not September 22, 2000.[4]

In the Hearing Officer's decision, which was affirmed by the Bureau of Hearings and Appeals (BHA), the Hearing Officer concluded that the van is not covered under Title XIX of the Social Security Act. The Hearing Officer also determined that KMHP's September 26, 2000 denial occurred within twenty-one days of its receipt of the request, and, thus, the denial was timely.[5] (Hearing Officer's op. at 7.)

■■■ Before this court,[6] Petitioner first argues that DPW (through KMHP) violated its regulations when it failed to approve or deny a medical doctor's request for a wheelchair lift-equipped van within twenty-one days of the request. Petition-er contends that, pursuant to the mailbox rule,[7] KMHP is presumed to have received Dr. Gabos' June 1 letter and that KMHP failed to rebut this presumption. Petitioner contends, therefore, that DPW's failure to act within twenty-one days is a deemed approval of the van. We disagree.

The regulation relied on by Petitioner states that DPW must act upon a request for medical services and equipment under the MAP within twenty-one days of *the date the request is received by DPW* or such request will be deemed approved. Section 443.6 of the Act of June 13, 1967, P.L. 31, *added by* section 1 of the Act of September 26, 1978, P.L. 769, *as amended,* 62 P.S. § 443.6(e), 55 Pa.Code § 1101.67(b). However, this regulation applies only to items covered by the MAP. 62 P.S. § 443.6(c) and (e), 55 Pa.Code § 1101.67(a) and (b). Here, the Hearing

4. There were two letters from Dr. Gabos dated June 1, 2000; one requested items of durable medical equipment but did not mention a van, and the other letter requested a van. (*See* R.R. at 31a.) Approximately two weeks after both letters allegedly were sent, Dr. Zatuchni received a telephone call from KMHP stating that everything had been approved; however, there was no discussion as to what specific items were approved. (Hearing Officer's Findings of Fact, Nos. 3–4; R.R. at 67a–68a.) Dr. Chodoff testified that, on June 1, 2000, KMHP received the June 1, 2000 letter with no mention of the van but that KMHP received Dr. Gabos' June 1 letter regarding the van sometime after the September letter from Dr. Gabos. (R.R. at 33a, 85a.)

5. The Hearing Officer stated that, although Dr. Gabos' medical administrative assistant may have sent the June 1, 2000 letter regarding the van, there is no evidence to indicate that the letter was received by KMHP. In fact, the Hearing Officer concluded that the evidence indicated otherwise. In so concluding, the Hearing Officer noted that a July 5, 2000 letter from Dr. Gabos' medical administrative assistant referenced Dr. Gabos' other June 1 letter regarding the durable medical equipment but made no mention of the van. Addi-tionally, although the June 1 letter regarding the durable medical equipment contained facsimile marks, the June 1 letter regarding the van contained no similar markings, nor did it contain any markings indicating it was received. (Exh. A–5, R.R. at 184a.) The Hearing Officer found that the June 1 letter regarding the van was not received by KMHP until September 22, 2000. (Hearing Officer's Findings of Fact, No. 7.) (We note that the exhibit to which the Hearing Officer refers to support this finding is actually Dr. Gabos' letter, dated September 11, 2000, requesting a van.)

6. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

7. Under the mailbox rule, proof that a letter was properly mailed raises a rebuttable presumption that the mailed item was received. *Sheehan v. Workmen's Compensation Appeal Board (Supermarkets General),* 143 Pa. Cmwlth.624, 600 A.2d 633 (1991), *appeal denied* 530 Pa. 663, 609 A.2d 170 (1992).

Officer found that the van is not medical equipment or a medical service and, thus, is not a covered item. Petitioner points to no authority, nor can we find any authority in the relevant Pennsylvania statute and regulations or in Title XIX of the Social Security Act and its accompanying regulations, to indicate otherwise.[8] Therefore, because the van is not a covered item, the twenty-one day requirement is not applicable.[9] *See* 62 P.S. § 443.6(c) and (e), 55 Pa.Code § 1101.67(a) and (b). In other words, when an item is not covered, there simply can be no deemed approval.

Nevertheless, Petitioner argues that DPW violated regulations when it failed to provide medically necessary equipment to a qualified individual. However, the issue of medical necessity is only reached if the item is covered under the MAP. As previously stated, the van is not a covered item. Therefore, the issue of medical necessity is irrelevant under the circumstances here.

 Finally, Petitioner argues that DPW is required to replace medically necessary equipment when the earlier provided equipment is no longer functional.[10] However, Petitioner did not raise this issue in her petition for review. Therefore, it is waived. *See Henkels & McCoy, Inc. v. Workers' Compensation Appeal Board (Hendrie),* 738 A.2d 1 (Pa.Cmwlth.1999), *aff'd,* 565 Pa. 493, 776 A.2d 951 (2001).

Accordingly, for the foregoing reasons, we affirm.

### ORDER

AND NOW, this 27th day of September, 2001, the January 3, 2001 order of the Department of Public Welfare is hereby affirmed.

---

8. Additionally, we note that nowhere in her brief or her petition for review does Petitioner assert that the Hearing Officer erred in determining that the van is not a covered item under the MAP. Therefore, Petitioner has waived the right to do so. *See* Pa. R.A.P. 2116 (stating that no point will be considered which is not set forth in the statement of questions involved or suggested thereby); *Henkels & McCoy, Inc. v. Workers' Compensation Appeal Board (Hendrie),* 738 A.2d 1 (Pa. Cmwlth.1999), *aff'd,* 565 Pa. 493, 776 A.2d 951 (2001) (stating that issues not raised in the petition for review are waived).

9. Petitioner has attached to her brief a page from the Request For Proposal (RFP) which contains a similar twenty-one day requirement applying to services or equipment not normally covered by the MAP. We note that the RFP is dehors the record. Nevertheless, we point out that KMHP did act within twenty-one days of its receipt of Dr. Gabos' request for the van. Here, Dr. Gabos' medical administrative assistant simply stated that she sent the letter to KMHP. She did not provide

any details so that one could determine if it was properly addressed, nor did she provide any evidence regarding Dr. Gabos' custom for mailing letters to establish that the letter was duly mailed. Therefore, the mailbox rule presumption does not apply here. *See Sheehan* (stating that evidence of the mailer's usual course of business, with respect to writing, signing and the regular place of mailing, is receivable as evidence that the letter was duly mailed). Moreover, the Hearing Officer stated that, although the assistant "may have" sent the letter, the evidence indicated to the contrary. In fact, the evidence established that no letter regarding a van was ever received from Dr. Gabos until September 22, 2000. Our review of the record reveals that there is substantial evidence to support this finding. Therefore, KMHP's September 26, 2000 denial was timely.

10. Although Petitioner's brief and the record seem to indicate that a lift and/or van were provided previously by DPW, there is no testimony or other evidence with respect to the authority for such coverage.