505 A.2d 1129

Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* John M. Chrzanowski, Appellee.

Submitted on briefs October 7, 1985, to Judges ROGERS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Nancy J. Norkus,* Assistant Counsel, with her, *Harold H. Cramer,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*John M. Quinn, Jr.,* with him, *Michael S. Jan Janin, Quinn, Gent, Buseck and Leemhuis, Inc.,* for appellee.

OPINION BY SENIOR JUDGE KALISH, March 14, 1986:

Appellee, John M. Chrzanowski, appealed to the Court of Common Pleas of Erie County from a five year revocation of his driving privileges made pursuant to section 1542 of the Vehicle Code, 75 Pa. C. S. §1542, pertaining to habitual offenders. The trial court reversed the Department of Transportation (DOT). We reverse the action of the trial court.

The appellee's driving record shows convictions on November 21, 1979, March 3, 1980, and March 17, 1980.

On April 13, 1980 he appeared before the district judge for another offense to which he pled guilty.

The judge imposed a fine and costs. This was paid in installments, the last one being on July 1, 1982.

There was a delay in sending the certification of this action to DOT. The record does not indicate when DOT received it. However, DOT did not suspend the appellee's driving privileges until October 27, 1982, approximately two and one-half years later.

The common pleas court judge concluded that had DOT tried to suspend the appellee's operating privileges when he pled guilty, *i.e.,* on April 13, 1980, rather than October 27, 1982, the appellee would not have attained the status of a habitual offender and that therefore the revocation must be set aside.

Our scope of review is to examine the record to determine if the findings are supported by competent evidence and to determine if there was an error of law. *Department of Transportation, Bureau of Traffic Safety v. Brunett,* 15 Pa. Commonwealth Ct. 100, 324 A.2d 894 (1974).

A "habitual offender" is described as one who has accumulated the record number of convictions provided the offenses occurred within a period of five years. Section 1542 of the Vehicle Code, 75 Pa. C. S. §1542.

In common parlance a plea of guilty is equivalent to a conviction, but when the law speaks of a conviction it means a judgment of guilt and there can be no judgment until sentence is imposed. *American Bank v. Felder,* 59 Pa. Superior Ct. 166 (1915).

Here sentence was imposed on April 13, 1980 in the form of fines and costs. This was the date of conviction. The fact that as part of the sentence the appellee was permitted to pay the fine in installments does not alter the date of conviction any more than the granting of a parole or probation alters the original date of conviction.

Thus, the trial court's statement that "at the time of the offense, April of 1980, appellant [appellee here] would not have attained the status of 'habitual offender' and, therefore, said revocation must be set aside," was plainly an error because the facts reveal that four convictions occurred within a period of five years.

It is contended that the delay between the time of the appellee's fourth conviction and the time DOT gave notice of suspension was unreasonable and prejudicial to the appellee. If the certification of conviction was not received by DOT until "some time on or after July 1, 1982" as alleged by counsel for DOT in her brief, then most of the delay cannot be chargeable to DOT. *Department of Transportation, Bureau of Traffic Safety v. Kirk,* 48 Pa. Commonwealth Ct. 429, 410 A.2d 95 (1980); *Department of Transportation, Bureau of Traffic Safety v. Thompson,* 17 Pa. Commonwealth Ct. 505, 333 A.2d 478 (1975).

Assuming, *arguendo,* that the delay is chargeable to DOT and is unreasonable, the burden was still on the appellee to bring forth evidence of actual prejudice to himself from reliance on DOT's failure to act. *Horner v. Department of Transportation,* 59 Pa. Commonwealth Ct. 519, 430 A.2d 387 (1981). The record in this case is devoid of any evidence of prejudice to the appellee or reliance by him on DOT's failure to act. The appellee, therefore, did not meet his burden of proof before the court below. Accordingly, we reverse.

## ORDER

The order of the Court of Common Pleas of Erie County in Civil Division No. 4911-A-1982, dated February 11, 1983, is reversed and the suspension of the operating privileges of John M. Chrzanowski by the Department of Transportation is reinstated.

### Order

Now, March 18, 1986, the Order entered March 14, 1986, is amended to read as follows:

### Amended Order

The order of the Court of Common Pleas of Erie County in Civil Division No. 4911-A-1982, dated February 11, 1983, is reversed and the revocation of the operating privileges of John M. Chrzanowski by the Department of Transportation is reinstated.

Judge Palladino dissents.