**ROGELE, INC., Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (MATT-SON), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 19, 2008.

Decided April 2, 2009.

John T. Huskin, Harrisburg, for petitioner.

Elliot A. Strokoff, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge McGINLEY.

Rogele, Inc. (Employer) petitions for review of the order of the Workers' Compensation Appeal Board (Board) which affirmed the Workers' Compensation Judge's (WCJ) decision which ordered Employer to pay partial disability benefits from September 30, 2005, until the date of Todd Mattson's (Claimant) conviction, pay Claimant's attorney fees of $3,200.00, and pay a fifty percent penalty.

Claimant worked as a laborer for Employer. On July 31, 2003, Claimant sustained an avulsion fracture of the triquetrum dorsally of his right wrist while operating a drill. Claimant received partial disability benefits from August 2 to August 28, 2003, when he performed light duty work. On October 31, 2003, Claimant underwent arthroscopic surgery for debridement of the scapholunate ligament, debridement of the triangular fibrocartilage complex, complete synovectomy of the right wrist, neurectomy of the posterior interosseous nerve and capsu-

lorrhaphy. Claimant returned to light duty work with Employer in January 2004, and received partial disability benefits until he was laid off on June 15, 2004. Claimant received total disability benefits until October 2004, when he began substitute teaching. Employer petitioned to modify/suspend Claimant's benefits. The WCJ denied the petition on December 27, 2005.

On October 20, 2005, and January 10, 2006, Employer petitioned to suspend benefits on the basis that Claimant voluntarily withdrew from the workforce after he solicited the murder of his wife. Claimant was incarcerated without bail in the Cumberland County Jail on October 13, 2005. Employer stopped paying benefits to Claimant after September 30, 2005. In a letter dated July 11, 2006, Employer enclosed an order from the Court of Common Pleas of Cumberland County whereby Claimant pled guilty to criminal solicitation. In the letter Employer requested that the WCJ keep the record open so that Employer could submit the sentencing order which was due on August 1, 2006. On August 15, 2006, Claimant was sentenced to a term of four to eight years imprisonment.

On August 2, 2006, the WCJ ordered Employer to pay Claimant partial disability benefits from September 30, 2005, until Claimant's conviction, ordered Employer to pay Claimant's attorney fees of $3,200.00, and ordered Employer to pay a fifty percent penalty. The WCJ made the following findings of fact:

3 . . . . Section 306(a.1) is quite clear that payment of disability compensation is not required when an employee is incarcerated after a conviction. The Legislature could very easily have disqualified the payment of compensation whenever an employee was incarcerated, but the Legislature chose not to do so. Thus, this provision does not authorize the workers' compensation carrier to have legally ceased paying Mr. Mattson his benefits because he was incarcerated pending a trial.

. . . .

5. Not barring the receipt of compensation while incarcerated pending trail [sic] is consistent with the humanitarian purposes of the Workers' Compensation Act. That is to say, given the fundamental axiom of a presumption of innocence until proven guilty, an individual on workers' compensation would often lack resources to be able to post bond. Denying him comp while incarcerated pending trial would be like kicking somebody when he was down, depriving him of minimal livelihood at the same time his personal freedom is threatened and the need for resources to pay for legal counsel to preserve that freedom is necessary.

. . . .

8. The carrier has admitted that it has not paid Mr. Mattson anything since September 30, 2005. The instant case does not fall into any of the categories of automatic cessation of benefits as is set forth in Section 413(b). Therefore, the carrier's unilateral cessation of payments is subject to penalty. And because the carrier's action is intentional flagrantly illegal and cruel, a 50% penalty should be awarded.

. . . .

10. Furthermore, it must be noted, that since Claimant's incarceration, the carrier has not gone through a job referral/job availability exercise (having already gone through that exercise and failed. See This Judge's decision dated 1/4/06). Thus, there is not reasonable basis, under the Workers' Compensation Act, for the carrier to have filed its petition, much less unilaterally stop pay-

ments, so that quantum meruit counsel fees in the amount of $3,200.00 as per the attached itemization should be awarded.

WCJ's Decision, August 2, 2006, Paragraphs 3, 5, 8, and 10 at 1–2.

Employer appealed to the Board which affirmed.

■ Employer asserts that Section 306(a.1) of the Workers' Compensation Act (Act)[1] does not preclude a suspension of benefits during incarceration *prior to conviction* where the injured worker voluntarily removes himself from the workforce and that the WCJ erred when he did not hold the record open to consider whether Claimant removed himself from the workforce on the date his sentence commenced, October 12, 2005.[2] This Court must reject Employer's interpretation of Section 306(a.1).

Section 306(a.1) states, in pertinent part "Nothing in this act shall require payment of compensation under clause (a) or (b) for any period during which the employe is incarcerated *after a conviction ...* " (Emphasis added).

It is well-settled that the plain language of the statute is the best indicator of the legislature's intent. 1 Pa.C.S. § 1921(b); *Pennsylvania Fin. Responsibility Assigned Claims Plan v. English*, 541 Pa. 424, 430, 664 A.2d 84, 87 (1995). "The basic tenet of statutory construction requires a court to construe the words of the statute according to their plain meaning." 1 Pa.C.S. § 1903(a). "When the words of a statute are clear and unambiguous, this Court cannot disregard them under the

pretext of pursuing the spirit of the statute." *Middletown Township v. Lands of Stone*, 595 Pa. 607, 616, 939 A.2d 331, 337 (2007) (citing 1 Pa.C.S. § 1921).

■ This Court has consistently held that courts may not supply words omitted by the legislature as a means of interpreting a statute. *Presock v. Dept. of Military & Veterans Affairs*, 855 A.2d 928 (Pa. Cmwlth.2004); *Saw Creek Estates Community Ass'n. v. County of Pike*, 808 A.2d 322 (Pa.Cmwlth.2002), *affirmed*, 581 Pa. 436, 866 A.2d 260 (2005); *Latella v. Unemployment Compensation Bd. of Review*, 74 Pa.Cmwlth. 14, 459 A.2d 464 (1983). This Court's duty to interpret statutes does not include the right to add words or provisions that the legislature has left out.

Section 306(a.1) expressly authorizes the termination of payments *only* during periods of incarceration *after* conviction. This section makes no reference to a termination of benefits during periods of incarceration *prior* to conviction. Yet, Employer urges this Court to infer such meaning because, it reasons, this Section does not preclude the suspension of benefits to a claimant who "intentionally removes himself from the work force due to his incarceration." Employer's Brief at 5. Employer asserts, in essence, that a recipient whose loss of earning power is caused by any period of incarceration rather than a work injury should not, by rights, receive workers' compensation benefits.

More to the point, Employer asks this Court to look beyond the plain words of the statute and conclude that any period of incarceration is the equivalent of voluntari-

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 511.1. This Section was added by the Act of June 24, 1996, P.L. 350.

2. This Court's review is limited to a determination of whether an error of law was com-

mitted, whether necessary findings of fact are supported by substantial evidence, or whether constitutional rights were violated. *Vinglinsky v. Workmen's Compensation Appeal Board (Penn Installation)*, 139 Pa.Cmwlth. 15, 589 A.2d 291 (1991).

ly removing oneself from the workforce. Even thought the statutory language is clear, Employer urges this Court to conclude that there should be no distinction between incarceration *before* or *after* conviction. Employer maintains an injured employee is not entitled to receive workers' compensation benefits during the time he is incarcerated, including incarceration before conviction. This Court must disagree.

First and foremost, this Court is not authorized to engraft language onto a statute. And this Court will not impute an intent where the statutory language is unambiguous.

Clearly, the legislature intended the discontinuance of benefits for an incarcerated recipient *after* conviction. Absent explicit statutory provision, this Court is not free to reduce statutorily-created benefits. If the legislature had intended that benefits be discontinued for an incarcerated recipient *prior* to conviction, it would have written the statute to achieve that result. Thus, there is no authority in Section 306(a.1) or anywhere else in the Act to support Employer's unilateral termination of Claimant's workers' compensation benefits *prior* to his conviction.

Second, Employer's argument is based on hindsight. Employer contends that Claimant voluntarily withdrew from the workforce "by soliciting the murder of his wife." Employer's Brief at 7. True, Claimant ultimately pled guilty to this crime. However, it has long been recognized that the right to freedom by bail pending trial is interrelated to the lynchpin of legal doctrine that one accused is presumed innocent until his guilt is proven beyond a reasonable doubt. *Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951). Because an accused is presumed innocent until proven guilty, pretrial incarceration is entirely irrelevant to the issue

of guilt. A number of criminal trials do end in acquittal. Thus, it does not necessarily mean, as Employer posits, that pretrial incarceration is the equivalent to "voluntarily" removing oneself from the workforce. Moreover, if this Court accepts Employer's position, an injured employee's entitlement to benefits prior to conviction would turn on the ability to post bail. As the Supreme Court of South Dakota explained:

> A confinement which precludes participation in the labor market is not alone sufficient to deprive a former employee who has suffered a work-related disability of his rights to benefits. To deny a claimant benefits while he is incarcerated awaiting trial is an unfair situation. It favors a defendant who is capable of posting bail over one who is unable to do so. Any rule which has the effect of predicting the right to compensation benefits upon the ability to furnish bail presents a serious question of denial of equal protection of the laws under the Fourteenth Amendment. The determinative question should be whether or not the claimant, while in jail, could or could not have worked in any event because of his injury. His dependents should not be denied support and the carrier relieved of its obligation when 'the physical and industrial disability and the loss of wage-earning capacity on which the award was bottomed still continues.'

*Jackson v. Lee's Travelers Lodge, Inc.,* 563 N.W.2d 858, 865 (S.D.1997).

This Court also notes that under Employer's theory, an employee who becomes totally disabled prior to incarceration would be denied benefits even though he was permanently removed from the workforce by reason of his injury. The result would be unjust because in that situation, it is the disability, not the subsequent in-

carceration, which would prevent the employee's return to employment.

Accordingly, for the foregoing reasons, this Court agrees with the Board that Section 306(a.1) does not permit the unilateral discontinuance of workers' compensation benefits for periods of incarceration prior to conviction.

The order of the Board is affirmed.

### ORDER

AND NOW, this 2nd day of April, 2009, the Order of the Workers' Compensation Appeal Board is hereby affirmed.

DISSENTING OPINION BY Judge SIMPSON.

I respectfully dissent from the conclusion reached by the majority that Section 306(a.1) of the Workers' Compensation Act (Act), 77 P.S. § 511.1,[1] clearly and unambiguously requires payment of compensation to an incarcerated claimant up until the pronouncement of criminal sentence. For this reason and others discussed below, I would reverse and remand.

Relevantly, after his layoff in June, 2004, Todd Mattson (Claimant) received total disability benefits for injuries to his right wrist. In October 2005, he was incarcerated without bail on charges that he solicited the murder of his wife. His employer, Rogele, Inc. (Employer), stopped paying benefits about the time of this incarceration, and it petitioned for suspension of benefits based on the theory that Claimant voluntarily withdrew from the work force. On July 11, 2006, Claimant pled guilty to criminal solicitation. According to the majority opinion, on August 15, 2006, Claimant was sentenced to a term of four to eight years imprisonment. Employer offers to prove by a copy of the sentencing order that the effective date of the sentence was the date of original incarceration.

After Claimant pled guilty but before he was sentenced, a workers' compensation judge (WCJ) circulated a decision denying the suspension petition related to the incarceration. The WCJ determined that Section 306(a.1) requires benefits for a claimant to continue while incarcerated pending trial, a conclusion consistent with the presumption of innocence and supportive of a claimant's ability to obtain pretrial release on bail. The WCJ also noted that the case did not fall into any of the categories of automatic cessation of benefits. Concluding Employer had no basis to file the petition or to unilaterally stop payments, the WCJ awarded back benefits, a 50% penalty and unreasonable contest attorney fees. On appeal, the Workers' Compensation Appeal Board affirmed.

At the outset, I note that this case falls into a category of automatic cessation of benefits. *Moore v. Workers' Comp. Appeal Bd. (Babcock & Wilcox Co.)*, 811 A.2d 631 (Pa.Cmwlth.2002) (authorization from a WCJ not required before employer may suspend benefits during claimant's incarceration); *Banic v. Workers' Comp. Appeal Bd. (Trans–Bridge Lines, Inc.)*, 664 A.2d 1081 (Pa.Cmwlth.1995) (same), *aff'd on other grounds*, 550 Pa. 276, 705 A.2d 432 (1997). Neither the compensation authorities nor the majority refer to these cases. These cases at least support remand for reconsideration of the penalty which was in part based on an error of law.

---

1. Act of June 2, 1915, P.L. 736, *as amended, added by* the Act of June 24, 1996, P.L. 350. The Section states in pertinent part, "[n]othing in this act shall require payment of compensation ... for any period during which the employe is incarcerated after a conviction...."

More importantly, however, I disagree that Section 306(a.1) clearly and unambiguously identifies the point at which benefits payable to an incarcerated claimant may cease. My position is that the phrase "incarceration after a conviction" is ambiguous and requires interpretation.

The word "conviction" has a popular as well as a technical meaning. As popularly used it implies a finding of guilt, but as technically understood it means the ascertainment of guilt and a judgment thereon. *Commonwealth v. Minnich*, 250 Pa. 363, 95 A. 565 (1915); *Commonwealth v. Palarino*, 168 Pa.Super. 152, 77 A.2d 665 (1951); *see Dep't of Transp. v. Chrzanowski*, 95 Pa.Cmwlth. 568, 505 A.2d 1129 (1986). Sometimes, the term is applied in its technical sense, but often the term is applied according to its popular meaning. *Commonwealth v. Anthony*, 553 Pa. 55, 717 A.2d 1015 (1998) (guilty plea constitutes "conviction" for purposes of compulsory joinder rule); *Commonwealth v. Bracalielly*, 540 Pa. 460, 658 A.2d 755 (1995) (guilty plea constitutes "conviction" for purposes of pursuing prosecution pursuant to a statute barring criminal prosecution for offenses arising from same criminal episode); *Commonwealth v. Rosario*, 418 Pa.Super. 196, 613 A.2d 1244 (1992) ("conviction" exists barring double jeopardy if judgment of conviction, guilty verdict or accepted plea of guilty continues to stand), *aff'd*, 545 Pa. 4, 679 A.2d 756 (1996); *E. Smalis Painting Co., Inc. v. Dep't of Transp.*, 70 Pa. Cmwlth. 90, 452 A.2d 601 (1982) ("conviction" for purpose of regulation requiring disclosure of felony convictions includes guilty plea even though sentence not yet imposed). Under these circumstances, ambiguity in the intended meaning of the word "conviction" permits interpretation of Section 306(a.1).

I acknowledge that the Act is usually liberally construed in favor of claimants.

A review of Pennsylvania cases dealing with Section 306(a.1) incarceration issues, however, reveals an approach more focused on the expressed intent of the General Assembly to limit workers' compensation benefits during periods of criminal incarceration. *See Henkels & McCoy, Inc. v. Workers' Comp. Appeal Bd. (Hendrie)*, 565 Pa. 493, 776 A.2d 951 (2001) (legislature sought to preclude the payment of workers' compensation benefits to persons who are convicted of violation of Crimes Code and who, as a result of conviction, are thereafter removed from work force).

Thus, the Supreme Court declines to narrowly limit the term "incarceration," concluding the term includes a claimant's confinement in a mental institution as a condition of probation. *Id.* Also, this Court holds that the undefined term "incarceration" includes total and partial confinement regardless of work release and intermediate punishment (house arrest). *Moore; Brinker's Int'l, Inc., v. Workers' Comp. Appeal Bd. (Weissenstein)*, 721 A.2d 406 (Pa.Cmwlth.1998). Further, this Court holds that the Act must be construed to avoid an absurd or unreasonable result, so that benefits should be denied a claimant who escaped custody, became employed during his extended elopement, and was injured at that work. *Graves v. Workmen's Comp. Appeal Bd. (Newman)*, 668 A.2d 606 (Pa.Cmwlth.1995). In all these cases the appellate court adopted a construction of Section 306(a.1) which did not favor the claimant.

An interpretation which allows the suspension of benefits at the point of guilt determination is consistent with the General Assembly's intent and with the popular meaning of the term "conviction." Also, this interpretation achieves a reasonable result in that it avoids the presumption of innocence and bail considerations that troubled the WCJ and the majority.

*See* Pa. R.Crim. P. 521 (special rules for bail after finding of guilt, including after guilty plea accepted).

The Pennsylvania cases [2] support a conclusion that Section 306(a.1) permits cessation of benefits to this Claimant incarcerated after an accepted guilty plea. Accordingly, I would hold that Employer here could stop paying benefits to Claimant after July 11, 2006.[3] Based on this conclusion, I would reverse and remand for recalculation of benefits.

Moreover, the Pennsylvania cases above, which are not mentioned in the majority opinion, could support a conclusion that Employer's contest had some reasonable basis, especially given ambiguity in the term "conviction," the novel factual issue of timing discussed here, and this Court's language in *Cummings Lumber Company v. Workmen's Compensation Appeal Board (Young)*, 669 A.2d 1027, 1028 (Pa. Cmwlth.1995) ("While incarcerated, the claimant is not available to accept work; therefore, the claimant's wage loss is caused by the incarceration, not by the disability."). This is because the existence of an unresolved legal issue or uncertainty as to the application of law to facts may constitute a reasonable contest. *Chichester Sch. Dist. v. Workmen's Comp. Appeal Bd. (Fox)*, 140 Pa.Cmwlth. 224, 592 A.2d 774 (1991). Also, the Pennsylvania cases could impact an award of a penalty.

For all these reasons, I would reverse and remand for recalculation of benefits and reconsideration of the penalty and award of unreasonable contest attorney fees.

---

2. The majority relies on a South Dakota case, *Jackson v. Lee's Travelers Lodge, Inc.*, 563 N.W.2d 858 (S.D.1997) for the proposition that benefits should not cease during pretrial incarceration. Unfortunately, unlike Pennsylvania, South Dakota's legislature did not express any intent on the incarceration issue, and that state's workers' compensation statute does not address the issue at all. Interestingly, the South Dakota Supreme Court followed an older Ohio case issued *before* the Ohio statute was amended in 1986 to specifically address the incarceration issue. *Compare id.* at 866 *with State ex rel. Ashcraft v. Indust. Comm'n of Ohio*, 34 Ohio St.3d 42, 43–44, 517 N.E.2d 533, 534–35 (1987). Therefore, the *Jackson* case is of no help in interpreting our General Assembly's expressed intent.

3. For three reasons I reject a construction that would permit benefit payments to cease as of the effective date of the sentence. First, that construction is not consistent with either the popular or the technical meaning of the term "conviction." Second, I find no support for this reasoning in the cases from jurisdictions with similar statutory language. *See, e.g., Jowers v. Liberty Construction Co.*, 740 So.2d 735 (La.Ct.App.1999) (claimant ineligible during entire incarceration, but compensation statute did not require conviction); *Sanchez v. Eagle Alloy Inc.*, 254 Mich.App. 651, 658 N.W.2d 510 (2003) (compensation statute suspends benefits where crime committed, but did not require conviction). Third, I fear such a construction would impose practical difficulties for compensation authorities in the interpretation of criminal sentences, thereby interfering with efficient benefit calculations. I therefore conclude a date certain, such as the date of an accepted guilty plea, is a reasonable construction.

I add, however, that even under my construction, Employer erred in ceasing benefit payments because of Claimant's incarceration before there was a determination of guilt. Accordingly, some back benefits are payable, and there is a basis for finding a violation of the Act which could support a penalty award.