IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Catherine D. Iskra,                    :
                    Petitioner         :
                                       :
          v.                           :
                                       :
                                       :
                                       :
Aussie Pet Mobile Bux-Mont             :
(Workers' Compensation Appeal          :
Board),                                :    No. 503 C.D. 2021
                    Respondent         :    Submitted: March 8, 2024


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED:  April 25, 2024


Catherine D. Iskra (Claimant)[1] petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) April 22, 2021 order affirming WC Judge (WCJ) Robert Benischeck's (WCJ Benischeck) decision that granted Claimant's petition for reinstatement of total disability benefits (Reinstatement Petition) as of June 20, 2017, and denied Claimant's petition for review of medical treatment and/or billing (Review Medical Petition) concerning her medical marijuana costs.  Claimant presents two issues for this Court's review: (1) whether *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017) (*Protz II*), should be given full retroactivity and the now unconstitutional impairment rating evaluation (IRE) provisions deemed

---

[1] Claimant's name was previously Catherine Patterson.

void *ab initio*;[2] and (2) whether Aussie Pet Mobile Bux-Mont (Employer) is required to reimburse Claimant for her medical marijuana costs. After review, this Court vacates and remands, in part, and reverses, in part.

On January 3, 2008, Claimant suffered a work injury when a van door closed on her left hand. Employer issued a Notice of Compensation Payable (NCP) accepting liability for an injury in the nature of a left-hand contusion. On November 4, 2009, WCJ Joseph McManus amended the NCP injury description to include a contusion to the left hand that caused complex regional pain syndrome, and determined that Scott Rosenthal, D.O.'s services were for treatment of the work injury. On July 7, 2014, WCJ Karen Wertheimer reduced Claimant's WC benefits to partial disability as of November 1, 2012, based on Lucian Bednarz, M.D.'s IRE.

On June 10, 2019, Claimant filed the Review Medical Petition. On June 27, 2019, Employer filed an answer thereto. On October 14, 2019, Claimant filed the Reinstatement Petition. Employer filed an answer thereto on that same date. WCJ Benischeck held hearings on June 28, August 28, and October 10, 2019, and January 9, April 2, and May 14, 2020. On July 31, 2020, WCJ Benischeck granted, in part, the Review Medical Petition, directing Employer to pay for Claimant's ketamine treatment, her January 2019 cervical computed axial tomography (CAT) scan, and her March 2019 electromyography. However, WCJ Benischeck ruled that Employer was not obligated to pay or reimburse Claimant for her medical marijuana costs. WCJ Benischeck also granted the Reinstatement Petition as of June 20, 2017.

---

[2] In *Protz II*, the Pennsylvania Supreme Court found portions of the former IRE provisions, contained in former Section 306(a.2) of the WC Act, Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of June 24, 1996, P.L. 350, *formerly*, 77 P.S. § 511.2, repealed by the Act of October 24, 2017, P.L. 714, No. 111, violated the non-delegation clause of the Pennsylvania Constitution.

Claimant appealed to the Board. On April 22, 2021, the Board affirmed WCJ Benischeck's decision. Claimant appealed to this Court.[3]

Claimant first argues that *Protz II* should be given full retroactivity and the now unconstitutional IRE provisions should be deemed void *ab initio*; thus, her Reinstatement Petition should be granted as of November 1, 2012, the date her disability was first modified. Specifically, Claimant contends that because our Pennsylvania Supreme Court in *Protz II* did not express that the decision should be given prospective application, the general rule of retroactivity should apply. The seminal case that addressed this argument is *Whitfield v. Workers' Compensation Appeal Board (Tenant Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018) (en banc), wherein this Court opined:

> [T]he issue is not purely a question of retroactivity. We previously explained:
>
> > A retroactive law has been defined as one which relates back to and gives a previous transaction a legal effect different from that which it had under the law in effect when it transpired. **A law is given retroactive effect when it is used to impose new legal burdens on a past transaction or occurrence**.
>
> *Dep't of Lab[.] [&] Indus., Bureau of Emp[.] Sec. v. Pa. Eng'g Corp.*, . . . 421 A.2d 521, 523 ([Pa. Cmwlth.] 1980) (emphasis added; [] citations omitted); *see also Passarello v. Grumbine*, . . . 87 A.3d 285, 307 ([Pa.] 2014) (requiring a decision to announce a new rule of law before it can be given retroactive effect); *Commonwealth v. Hughes*, 865 A.2d 761 . . . ([Pa.] 2004) (explaining a court decision is considered "new" for purposes of retroactivity if it

---

[3] "[This Court's] review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated." *DiLaqua v. City of Phila. Fire Dep't (Workers' Comp. Appeal Bd.)*, 268 A.3d 1, 4 n.5 (Pa. Cmwlth. 2021) (quoting *Bristol Borough v. Workers' Comp. Appeal Bd. (Burnett)*, 206 A.3d 585, 595 n.6 (Pa. Cmwlth. 2019)).

imposes a new obligation on the parties). Our decision today does not impose any new legal consequences based upon a past transaction. Simply because *Protz II* is being applied to a case that arose from a work injury and a change in disability status that predates it does not mean it operates retroactively. *Warren v. Folk*, 886 A.2d 305, 308 (Pa. Super. 2005). It would be retroactive if it related back and gave a prior transaction a legal effect different from that which it had under the law in effect at the time. *Id.* This decision does not alter [the c]laimant's **past** status. Rather, it gives effect to the [c]laimant's status as it existed at the time she filed her reinstatement petition, which was filed within the statutory timeframe for filing such petitions.

*Whitfield*, 188 A.3d at 616-17; *see also Weidenhammer v. Workers' Comp. Appeal Bd. (Albright Coll.)*, 232 A.3d 986, 995 (Pa. Cmwlth. 2020) ("[T]he ruling in *Protz II* was not intended to be given a fully retroactive effect, without regard to the statute of repose in Section 413(a) of the Act, 77 P.S. § 772."); *Rose Corp. v. Workers' Comp. Appeal Bd. (Espada)*, 238 A.3d 551, 564 (Pa. Cmwlth. 2020) ("[T]he Board's conclusion that [the c]laimant was entitled to reinstatement of total disability benefits as of the date [the c]laimant filed the [p]etition [for reinstatement] is consistent with Act 111,[4] the WC Act,[5] and precedent.").

Claimant also contends that the now unconstitutional IRE provisions should be deemed void *ab initio* because they encroached on injured workers' liberties and reasonable remedy rights; thus, any injured worker previously placed in partial disability status through an IRE must be made whole by restoration to total disability status.

---

[4] The Act of October 24, 2018, P.L. 714, repealed former Section 306(a.2) of the WC Act and added Section 306(a.3) to the WC Act, 77 P.S. § 511.3, which amended the WC Act's IRE provisions.

[5] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2701-2710.

4

This Court addressed this issue in *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Co. LLC)*, 252 A.3d 1169 (Pa. Cmwlth. 2021), wherein it stated:

> In *Warren*, the Pennsylvania Superior Court explained that it, and our Supreme Court, had considered the issue of retroactivity in terms of whether the statute in question affects vested rights and determined that
>
>> [w]here no vested right or contractual obligation is involved, an act is not retroactively construed when applied to a condition existing on its effective date even though the condition results from events prior to that date . . . . A "vested right" is one that "so completely and definitely belongs to a person that it cannot be impaired or taken away without the person's consent."
>
> *Id*. at 308. While [the c]laimant . . . argues that [s]he has a right to benefits as calculated at the time of injury, there are reasonable expectations under the [WC] Act that benefits may change. We acknowledge that a claimant retains a certain right to [WC] benefits until such time as [s]he is found to be ineligible for them. However, claimants . . . did not automatically lose anything by the enactment of Act 111. Act 111 simply provided employers with the means to change a claimant's disability status from total to partial by providing the requisite medical evidence that the claimant has a whole[-]body impairment of less than 35%, after receiving 104 weeks of [Temporary Total Disability (]TTD[)] benefits.

*Pierson*, 252 A.3d at 1179.

"In summary, th[is] Court has repeatedly declined to give full retroactive effect to *Protz* [*II*] in circumstances, such as this, where the claimant was not actively litigating the change in her disability status at the time *Protz* [*II*] was decided." *Mastrone v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth.

5

No. 1387 C.D. 2021, filed July 11, 2023), slip op. at 5.[6] "Consistent with this precedent, [a c]laimant's disability status [is] properly reinstated to TTD as of the date she filed her reinstatement petition." *Id.*; *see also White v. Workers' Comp. Appeal Bd. (City of Phila.)*, 237 A.3d 1225, 1231 (Pa. Cmwlth. 2020) ("[The c]laimant here is entitled to reinstatement as of the date of her reinstatement petition, not the effective date of the change in her disability status from total to partial."); *Hutchinson v. Annville Twp. (Workers' Comp. Appeal Bd.)*, 260 A.3d 360, 365 (Pa. Cmwlth. 2020) ("[The c]laimant was entitled to reinstatement only as of the date of [her] reinstatement petition . . . , not as of the [] modification date."). Accordingly, Claimant is entitled to reinstatement of her total disability benefits as of the date she filed her Reinstatement Petition, not her modification date.

However, here, based on Employer's stipulation, WCJ Benischeck granted the Reinstatement Petition as of June 20, 2017, the date our Supreme Court decided *Protz II*. The Board explained:

> Claimant filed her Reinstatement Petition on October 14, 2019. That would be the correct date of reinstatement. . . . [Employer] stipulated to reinstatement as of the date of *Protz* [*II*] - June 20, 2017. While [Employer], in [its] brief, ask[ed] [the Board] to amend the determination to reflect the correct date as per *Whitfield*, [Employer] did not file an appeal.
>
> Further, *Whitfield* was decided on June 6, 2018[,] and [Employer] made that stipulation on April 2, 2020. For those reasons, [the Board] decline[s] to disturb [] WCJ[] [Benischeck's] determination.

Reproduced Record at 49a.

---

6

While the Board is correct that **Employer** did not appeal from WCJ Benischeck's decision granting the Reinstatement Petition as of June 20, 2017, **Claimant** did. Notwithstanding that Claimant's argument was that she was entitled to have her Reinstatement Petition granted as of November 1, 2012, she nevertheless appealed from the effective date of the reinstatement of her TTD benefits. While this Court agrees with Claimant that WCJ Benischeck erred by reinstating her TTD benefits as of June 20, 2017, based on the above, it cannot conclude that the proper date is November 1, 2012. Accordingly, this Court is constrained to vacate the portion of the Board's order affirming WCJ Benischeck's decision granting Claimant's Reinstatement Petition, effective June 20, 2017, and remand this matter to the Board to remand to WCJ Benischeck to grant the Reinstatement Petition as of October 14, 2019, the date Claimant filed her Reinstatement Petition.

Claimant next argues that Employer should be required to reimburse Claimant for her medical marijuana costs because the medical need for the treatment has been established and she has been medically certified to use medical marijuana. Employer rejoins that WCJ Benischeck and the Board correctly interpreted the federal Controlled Substances Act (Federal Drug Act)[7] and the Medical Marijuana Act (MMA)[8] in their holdings that employers/WC carriers cannot be obligated to pay for medical marijuana, which remains a forbidden, Schedule I drug under federal law, as such an obligation would subject an employer/WC carrier to prosecution under federal law.

Relative to WCJ Benischeck's ruling that the MMA prevents an insurer from being obligated to pay for medical marijuana, Section 2102 of the MMA provides: "Nothing in [the MMA] shall be construed to require an insurer or a health

---

[7] 21 U.S.C. §§ 801-971.
[8] Act of April 17, 2016, P.L. 84, *as amended*, 35 P.S. §§ 10231.101-10231.2110.

7

plan, whether paid for by Commonwealth funds or private funds, to provide coverage for medical marijuana." 35 P.S. § 10231.2102.

> Initially,
>
>> [w]hen terms are not defined, we turn to the rules of statutory construction, which are applicable to statutes and ordinances alike, for guidance. *Kohl v. New Sewickley [Twp.] Zoning Hearing [Bd.]*, 108 A.3d 961, 968 (Pa. Cmwlth. 2015). "The interpretation of a statute . . . presents this Court with a pure question of law, which is generally subject to plenary review." *Id*.
>>
>> The primary objective of statutory interpretation is to determine the intent of the enacting legislation. Section 1921 of the Statutory Construction Act of 1972 (Statutory Construction Act), 1 Pa.C.S. § 1921. A statute's plain language generally provides the best indication of legislative intent, and, therefore, statutory construction. *Uniontown Newspapers, Inc. v. [Pa.] Dept['t] of Corr[.], . . .* 243 A.3d 19, 32 ([Pa.] 2020). "Words and phrases shall be construed according to rules of grammar and according to their common and approved usage." Section 1903 of the Statutory Construction Act, 1 Pa.C.S. § 1903. "Also, where a court needs to define an undefined term, it may consult dictionary definitions for guidance." *THW [Grp.], LLC v. Zoning [Bd.] of Adjustment*, 86 A.3d 330, 336 (Pa. Cmwlth. 2014).

*Appel v. GWC Warranty Corp. (Workers' Comp. Appeal Bd.)*, 291 A.3d 927, 933 (Pa. Cmwlth. 2023) (quoting *Sheppleman v. City of Chester Aggregated Pension Fund*, 271 A.3d 938, 949 (Pa. Cmwlth. 2021)).

> The *Appel* Court addressed the meaning of Section 2102 of the MMA:
>
>> While a plain reading of the statute does not **require** an insurer to provide coverage, it does not **prohibit** an insurer from covering it either. Specifically, Section 2102 of the MMA does not prohibit an insurer or health plan from reimbursing payment for medical marijuana. Further, "there is no statutory language which prohibits insurers from reimbursing claimants who lawfully use medical marijuana to treat an accepted work injury when such

8

treatment is medically reasonable and necessary." *Fegley, as Executrix of the Est. of Sheetz v. Firestone Tire & Rubber (Workers' Comp. Appeal Bd.)*, 291 A.3d 940, 952 (Pa. Cmwlth. . . . 2023). "This Court has consistently held that courts may not supply words omitted by the legislature as a means of interpreting a statute. This Court's duty to interpret statutes does not include the right to add words or provisions that the legislature has left out." *McCloskey v. Pa. Pub. Util. Comm'n*, 219 A.3d 692, 702 n.9 (Pa. Cmwlth. 2019) (quoting *Rogele, Inc. v. Workers' Comp. Appeal Bd. (Mattson)*, 969 A.2d 634, 637 (Pa. Cmwlth. 2009) (citations omitted)).

*Appel*, 291 A.3d at 933.

In *Fegley*, this Court explained:

Section 2103 of the MMA, entitled Protections for Patients and Caregivers, provides in subsection (a) that no individual "**shall be** . . . *denied any right or privilege* . . . solely for lawful use of medical marijuana." 35 P.S. § 10231.2103(a) (bold and italic emphasis added). Section 301(a) of the WC Act mandates: "Every employer shall be liable for compensation for personal injury to, . . . each employe, by an injury in the course of his employment, **and such compensation shall be paid in all cases by the employer**," 77 P.S. § 431 (emphasis added), and Section 306(f.1)(1)(i) of the WC Act requires: "The employer **shall provide payment** in accordance with this section **for reasonable** surgical and medical services, . . . **medicines** and supplies, **as and when needed**." 77 P.S. § 531(1)(i) (emphasis added). <u>The MMA specifically mandates that no medical marijuana patients be denied any rights for lawful use of medical marijuana and the WC Act provides employees a statutory right to WC medical expenses that are reasonable and necessary to treat a work injury; therefore, if this Court was to agree with [the e]mployer, it would be removing those express protections from the MMA and the WC Act.</u>

The Pennsylvania Supreme Court has instructed that "[w]e presume that when enacting legislation, the General Assembly is aware of the existing law." *In Re Est. of Easterday*, . . . 209 A.3d 331, 341-42 ([Pa.] 2019). Thus, herein we presume, as we must, that the General Assembly

9

was aware of the WC Act's mandate that employers pay for employees' reasonable and necessary medical treatment of work injuries when it authorized medical marijuana as a medical treatment. *See Easterday*. The MMA in no manner alters these preexisting employment rights and obligations. In fact, in the MMA's policy declaration, the General Assembly expressly declared: "Scientific evidence suggests that **medical marijuana** is one potential therapy that **may mitigate suffering** in some patients **and** also **enhance quality of life**." [Section 102 of the MMA,] 35 P.S. § 10231.102 (emphasis added). Further, the MMA defines a *serious medical condition* as including "[s]evere chronic or intractable pain of neuropathic origin or severe chronic or intractable pain." [Section 103(16) of the MMA,] 35 P.S. § 10231.103(16). *Intractable pain* is defined as "[c]hronic pain which is difficult or impossible to manage with standard interventions." Medical Dictionary, 2009;[9] *see also* McGraw-Hill Concise Dictionary of Modern Medicine, 2002[10] ("[P]ain that does not respond to appropriate doses of opioid analgesics."). Thus, <u>the General Assembly explicitly intended Commonwealth residents suffering from intractable pain to have the benefit of this therapy, and at the same time chose not to limit claimants from receiving their statutory rights</u>.

*Fegley*, 291 A.3d 951-52 (underline emphasis added; footnotes omitted).

The *Fegley* Court expounded:

"Moreover, we presume the General Assembly did not intend a result that is 'absurd, unreasonable, or impossible to execute.'" *MERSCORP, Inc. v. Del. Cnty.*, . . . 207 A.3d 855, 861 ([Pa.] 2019) (quoting *In re Concord Twp. Voters*, . . . 119 A.3d 335, 341-42 ([Pa.] 2015)). Given the General Assembly's clear declaration and intention in enacting the MMA, and the MMA's unambiguous statutory language, it is free from doubt that the medical marijuana system the General Assembly created for the well-being and safety of

---

[9] https://medical-dictionary.thefreedictionary.com/intractable+pain (last visited Apr. 24, 2024).

[10] https://medical-dictionary.thefreedictionary.com/intractable+pain (last visited Apr. 24, 2024).

10

patients, including claimants, was intended for them to have access to the latest medical treatments. Any other interpretation would lead to an unintended, absurd result.[FN]18 *See MERSCORP*.

> [FN]18 Accepting [the e]mployer's argument presumes the General Assembly intentionally carved out a special class of employees who are prescribed medical marijuana for their work-related injuries, but unlike other injured employees are not paid for treatment of their work-related injuries.

*Fegley*, 291 A.3d at 952.

The *Fegley* Court ruled:

> Interpreting the MMA as [the e]mployer suggests - to prohibit [insurers] from reimbursing claimants who lawfully use medical marijuana to treat their work-related injuries - would also undermine the General Assembly's express intent to provide Commonwealth citizens who are patients "*access to medical marijuana* which balances the need of patients to have access to the latest treatments with the need to promote patient safety[.]" 35 P.S. § 10231.102(3)(i) (all emphasis added). [The e]mployer's interpretation is clearly contrary to the Statutory Construction Act's declaration that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). Accordingly, this Court rules that coverage is different and distinct from reimbursement and while the plain language of Section 2102 of the MMA states that insurers cannot be required to provide *coverage* for medical marijuana, **there is no statutory language which prohibits insurers from *reimbursing* claimants who lawfully use medical marijuana to treat an accepted work injury when such treatment is medically reasonable and necessary**.

11

*Fegley*, 291 A.3d at 952 (bold emphasis added). Accordingly, the Board erred in affirming WCJ Benischeck's ruling that Section 2102 of the MMA bars Employer from reimbursing Claimant's medical marijuana costs.

Relative to WCJ Benischeck's determination that employers/WC carriers cannot be obligated to pay for medical marijuana because such an obligation would subject an employer/WC carrier to prosecution under federal law, the *Fegley* Court held:

> Section 2103 of the MMA mandates: "Nothing in [the MMA] shall require an employer to commit any act that would put the employer or any person acting on its behalf[, i.e., insurers,] in violation of [f]ederal law." 35 P.S. § 10231.2103. Section 841(a) of the Federal Drug Act provides that "it shall be unlawful for any person knowingly or intentionally -- [] to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance[.]" 21 U.S.C. § 841(a). Because reimbursing [the c]laimant for his out-of-pocket expenses for his lawful use of medical marijuana as a reasonable and necessary treatment for his work injury would not require [the e]mployer[] [] "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance," 21 U.S.C. § 841(a), [the e]mployer[] [] would not violate the Federal Drug Act, or be at risk of facing federal prosecution by doing so. *See also Appel* . . . , 291 A.3d [at] 935 (Pa. Cmwlth. . . . 2023) ("[S]ince [the e]mployer is not prescribing marijuana, but rather reimbursing [the c]laimant for his lawful use thereof, [the e]mployer is not in violation of the Federal Drug Act.").

*Fegley*, 291 A.3d at 953. Accordingly, the Board erred by affirming WCJ Benischeck's ruling that paying or reimbursing Claimant for her medical marijuana costs would subject an employer/WC carrier to prosecution under federal law.

For all of the above reasons, the portion of the Board's order affirming WCJ Benischeck's decision that granted Claimant's Reinstatement Petition as of June 20, 2019, is vacated, and the matter is remanded to the Board consistent with

12

this Court's Opinion. The portion of the Board's order affirming WCJ Benischeck's decision that denied Claimant's Review Medical Petition concerning her use of medical marijuana is reversed.

                               _____

                               ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Catherine D. Iskra,                          :
              Petitioner           :
                             :
        v.                                    :
                             :
                             :
Aussie Pet Mobile Bux-Mont                   :
(Workers' Compensation Appeal                :
Board),                                      :   No. 503 C.D. 2021
              Respondent           :

# O R D E R

AND NOW, this 25th day of April, 2024, the portion of the Workers' Compensation (WC) Appeal Board's (Board) April 22, 2021 order affirming WC Judge (WCJ) Robert Benischeck's (WCJ Benischeck) decision that granted Claimant's petition for reinstatement of total disability benefits as of June 20, 2017, is VACATED, and the matter is REMANDED to the Board to remand to WCJ Benischeck to grant the Reinstatement Petition as of October 14, 2019. The portion of the Board's April 22, 2021 order affirming WCJ Benischeck's decision that denied Claimant's petition for review of medical treatment and/or billing concerning her use of medical marijuana is REVERSED.

Jurisdiction is relinquished.

 

_____
ANNE E. COVEY, Judge