# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rae Ann Malak,              :
           Petitioner       :
                             :
          v.                :
                             :
Maxim Healthcare Services (Workers'   :
Compensation Appeal Board),       :      No. 396 C.D. 2021
               Respondent     :      Submitted: March 8, 2024

BEFORE:    HONORABLE ANNE E. COVEY, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE STACY WALLACE, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
JUDGE COVEY                             FILED: May 20, 2024

Rae Ann Malak (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) March 16, 2021 order affirming WC Judge (WCJ) Brian Hemak's (WCJ Hemak) decision that denied Claimant's Petition for Penalties (Penalty Petition). There are three issues before this Court: (1) whether the Board erred by affirming the WCJ's decision holding that the Medical Marijuana Act (MMA)[1] is a complete bar to payment of an injured Claimant's medical marijuana; (2) whether reimbursement of Claimant's out-of-pocket medical marijuana costs violates federal law; and (3) whether Maxim Healthcare Services (Employer) should reimburse Claimant for her out-of-pocket costs for medical marijuana, which is a reasonable, necessary, and related treatment

---

[1] Act of April 17, 2016, P.L. 84, *as amended*, 35 P.S. §§ 10231.101-10231.2110.

for Claimant's accepted work injury, where said costs were properly submitted to Employer for reimbursement.[2]

Claimant sustained a work-related injury on June 12, 2015. On July 27, 2015, Employer filed a Notice of Temporary Compensation Payable acknowledging Claimant's injury as a low back sprain/strain. On December 5, 2017, WCJ Joseph Sebastianelli approved a Compromise and Release Agreement resolving Claimant's WC claim for wage loss and specific loss. On August 6, 2019, Claimant filed the Penalty Petition alleging that Employer violated the WC Act by failing to reimburse Claimant for the out-of-pocket costs she had incurred for medical marijuana, which was a reasonable, necessary, and related treatment for Claimant's work injury. WCJ Hemak conducted hearings on September 19 and December 23, 2019. On April 7, 2020, WCJ Hemak denied and dismissed Claimant's Penalty Petition. Claimant appealed to the Board. On March 16, 2021, the Board affirmed WCJ Hemak's decision. Claimant appealed to this Court.[3]

---

[2] In her Statement of the Questions Involved, Claimant presented five issues: (1) whether the Board erred by affirming WCJ Hemak's decision holding that the MMA is a complete bar to payment of an injured claimant's medical marijuana where reimbursement of Claimant's out-of-pocket medical marijuana costs does not violate federal law and Employer is self-insured; (2) whether the Board erred by affirming WCJ Hemak's decision on the basis that Claimant did not raise the issue of whether Employer was self-insured before WCJ Hemak; (3) whether Claimant should be reimbursed by Employer for her out-of-pocket costs for medical marijuana, which is a reasonable, necessary, and related treatment for Claimant's June 12, 2015 accepted work injury where said costs were properly submitted to Employer for reimbursement; (4) whether this Court should resolve any conflict between Section 2102 of the MMA, 35 P.S. § 10231.2102, pertaining to self-insured employers and the requirement of an employer to pay for reasonable, necessary and causally related medical treatment under the WC Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710; and (5) whether the Board erred by affirming WCJ Hemak's decision finding marijuana is a Schedule I drug. *See* Claimant Br. at 4-5. All of these issues are addressed in this Court's analysis of its above-stated issues.

[3] "[This Court's] review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated." *DiLaqua v. City of Phila. Fire Dep't (Workers' Comp. Appeal*

2

Claimant first argues that the Board erred by affirming WCJ Hemak's decision holding that the MMA is a complete bar to payment of an injured claimant's medical marijuana. Specifically, Claimant contends that Section 2102 of the MMA, 35 P.S. § 10231.2102, does not bar Employer from reimbursing Claimant's out-of-pocket medical marijuana costs because Employer, which is self-insured, is neither an insurer nor a health plan.

Employer rejoins that the MMA's plain language expressly provides that insurers are not required to pay for the costs of medical marijuana. Employer further retorts that Claimant waived the issue of whether Employer is self-insured because Claimant never raised it before WCJ Hemak.[4] Notwithstanding, Employer maintains: (1) the record evidence, as well as publicly available information from the Department of Labor and Industry (Department), demonstrates that Employer is not self-insured; (2) Employer is insured by Indemnity Insurance Company of North America; and (3) regardless of whether Employer is self-insured, the definition of "insurer" under the WC Act expressly includes a "self-insured employer." Section 109 of the WC Act.[5]

---

*Bd.)*, 268 A.3d 1, 4 n.5 (Pa. Cmwlth. 2021) (quoting *Bristol Borough v. Workers' Comp. Appeal Bd. (Burnett)*, 206 A.3d 585, 595 n.6 (Pa. Cmwlth. 2019)).

[4] Section 109 of the WC Act defines "insurer" as

> an entity subject to the act of May 17, 1921 (P.L. 682, No. 284), known as "The Insurance Company Law of 1921," including the State Workmen's Insurance Fund, with which an employer has insured liability under [the WC A]ct pursuant to [S]ection 305 [of the WC Act, 77 P.S. § 501,] or **a self-insured employer** or fund exempted by the Department of Labor and Industry pursuant to [S]ection 305 [of the WC Act].

77 P.S. § 29 (emphasis added). Accordingly, whether Employer is self-insured is of no moment. The issue before this Court is whether Section 2102 of the MMA bars Employer from reimbursing Claimant's out-of-pocket medical marijuana costs.

[5] 77 P.S. § 29.

Section 2102 of the MMA provides: "Nothing in [the MMA] shall be construed to require an insurer or a health plan, whether paid for by Commonwealth funds or private funds, to provide coverage for medical marijuana." 35 P.S. § 10231.2102.

In *Appel v. GWC Warranty Corp. (Workers' Compensation Appeal Board)*, 291 A.3d 927 (Pa. Cmwlth. 2023), this Court addressed the meaning of Section 2102 of the MMA:

> While a plain reading of the statute does not **require** an insurer to provide coverage, it does not **prohibit** an insurer from covering it either. Specifically, Section 2102 of the MMA does not prohibit an insurer or health plan from reimbursing payment for medical marijuana. Further, "there is no statutory language which prohibits insurers from reimbursing claimants who lawfully use medical marijuana to treat an accepted work injury when such treatment is medically reasonable and necessary." *Fegley, as Executrix of the Est. of Sheetz v. Firestone Tire & Rubber (Workers' Comp. Appeal Bd.)*, 291 A.3d 940, 952 (Pa. Cmwlth. . . . 2023). "This Court has consistently held that courts may not supply words omitted by the legislature as a means of interpreting a statute. This Court's duty to interpret statutes does not include the right to add words or provisions that the legislature has left out." *McCloskey v. Pa. Pub. Util. Comm'n*, 219 A.3d 692, 702 n.9 (Pa. Cmwlth. 2019) (quoting *Rogele, Inc. v. Workers' Comp. Appeal Bd. (Mattson)*, 969 A.2d 634, 637 (Pa. Cmwlth. 2009) (citations omitted)).

*Appel*, 291 A.3d at 933.

In *Fegley*, this Court explained:

> Section 2103 of the MMA, entitled Protections for Patients and Caregivers, provides in subsection (a) that no individual "**shall be** . . . ***denied any right or privilege*** . . . solely for lawful use of medical marijuana." 35 P.S. § 10231.2103(a) (bold and italic emphasis added). Section 301(a) of the WC Act mandates: "Every employer shall be liable for compensation for personal injury to, . . . each

4

employe, by an injury in the course of his employment, **and such compensation shall be paid in all cases by the employer**," 77 P.S. § 431 (emphasis added), and Section 306(f.1)(1)(i) of the WC Act requires: "The employer **shall provide payment** in accordance with this section **for reasonable** surgical and medical services, . . . **medicines** and supplies, **as and when needed**." 77 P.S. § 531(1)(i) (emphasis added). The MMA specifically mandates that no medical marijuana patients be denied any rights for lawful use of medical marijuana and the WC Act provides employees a statutory right to WC medical expenses that are reasonable and necessary to treat a work injury; therefore, if this Court was to agree with [the e]mployer, it would be removing those express protections from the MMA and the WC Act.

The Pennsylvania Supreme Court has instructed that "[w]e presume that when enacting legislation, the General Assembly is aware of the existing law." *In Re Est. of Easterday*, . . . 209 A.3d 331, 341-42 ([Pa.] 2019). Thus, herein we presume, as we must, that the General Assembly was aware of the WC Act's mandate that employers pay for employees' reasonable and necessary medical treatment of work injuries when it authorized medical marijuana as a medical treatment. *See Easterday*. The MMA in no manner alters these preexisting employment rights and obligations. In fact, in the MMA's policy declaration, the General Assembly expressly declared: "Scientific evidence suggests that **medical marijuana** is one potential therapy that **may mitigate suffering** in some patients **and** also **enhance quality of life**." 35 P.S. § 10231.102 (emphasis added). Further, the MMA defines a *serious medical condition* as including "[s]evere chronic or intractable pain of neuropathic origin or severe chronic or intractable pain." [Section 103(16) of the MMA,] 35 P.S. § 10231.103(16). *Intractable pain* is defined as "[c]hronic pain [that] is difficult or impossible to manage with standard interventions." Medical Dictionary, 2009;[6] *see also* McGraw-Hill Concise Dictionary of Modern

---

[6] https://medical-dictionary.thefreedictionary.com/intractable+pain (last visited May 17, 2024).

5

Medicine, 2002[7] ("[P]ain that does not respond to appropriate doses of opioid analgesics."). Thus, <u>the General Assembly explicitly intended Commonwealth residents suffering from intractable pain to have the benefit of this therapy, and at the same time chose not to limit claimants from receiving their statutory rights.</u>

*Fegley*, 291 A.3d 951-52 (underline emphasis added; footnotes omitted).

The *Fegley* Court expounded:

"Moreover, we presume the General Assembly did not intend a result that is 'absurd, unreasonable, or impossible to execute.'" *MERSCORP, Inc. v. Del. Cnty.*, . . . 207 A.3d 855, 861 ([Pa.] 2019) (quoting *In re Concord Twp. Voters*, . . . 119 A.3d 335, 341-42 ([Pa.] 2015)). Given the General Assembly's clear declaration and intention in enacting the MMA, and the MMA's unambiguous statutory language, it is free from doubt that the medical marijuana system the General Assembly created for the well-being and safety of patients, including claimants, was intended for them to have access to the latest medical treatments. Any other interpretation would lead to an unintended, absurd result.[FN]18 *See MERSCORP*.

> [FN]18 Accepting [the e]mployer's argument presumes the General Assembly intentionally carved out a special class of employees who are prescribed medical marijuana for their work-related injuries, but unlike other injured employees are not paid for treatment of their work-related injuries.

*Fegley*, 291 A.3d at 952.

The *Fegley* Court ruled:

Interpreting the MMA as [the e]mployer suggests - to prohibit [insurers] from reimbursing claimants who lawfully use medical marijuana to treat their work-related injuries - would also undermine the General Assembly's

---

[7] https://medical-dictionary.thefreedictionary.com/intractable+pain (last visited May 17, 2024).

express intent to provide Commonwealth citizens who are patients "*access to medical marijuana* which balances the need of patients to have access to the latest treatments with the need to promote patient safety[.]" [Section 102(3)(i) of the MMA,] 35 P.S. § 10231.102(3)(i) (all emphasis added). [The e]mployer's interpretation is clearly contrary to the Statutory Construction Act[ of 1927]'s declaration that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). Accordingly, this Court rules that coverage is different and distinct from reimbursement and while the plain language of Section 2102 of the MMA states that insurers cannot be required to provide *coverage* for medical marijuana, **there is no statutory language which prohibits insurers from *reimbursing* claimants who lawfully use medical marijuana to treat an accepted work injury when such treatment is medically reasonable and necessary**.

*Fegley*, 291 A.3d at 952 (bold emphasis added). Thus, Section 2102 of the MMA does not bar Employer from reimbursing Claimant's out-of-pocket medical marijuana costs.

Claimant next argues that the Board erred by affirming WCJ Hemak's holding that reimbursement of Claimant's out-of-pocket medical marijuana costs violates federal law. Employer rejoins that requiring Pennsylvania employers or insurers to pay for out-of-pocket medical marijuana expenses claimants incurred would expose those employers and insurers to criminal liability under federal law because it is undisputed that marijuana remains an illegal, Schedule I drug under the federal Controlled Substances Act (Federal Drug Act),[8] and requiring coverage for medical marijuana would be tantamount to compelling the commission of a crime that could subject the employer or insurer to criminal charges.

The *Fegley* Court held:

---

[8] 21 U.S.C. §§ 801-971.

Section 2103 of the MMA mandates: "Nothing in [the MMA] shall require an employer to commit any act that would put the employer or any person acting on its behalf[, i.e., insurers,] in violation of [f]ederal law." 35 P.S. § 10231.2103. Section 841(a) of the Federal Drug Act provides that "it shall be unlawful for any person knowingly or intentionally -- [] to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance[.]" 21 U.S.C. § 841(a). Because reimbursing [the c]laimant for his out-of-pocket expenses for his lawful use of medical marijuana as a reasonable and necessary treatment for his work injury would not require [the e]mployer[] [] "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance," 21 U.S.C. § 841(a), [the e]mployer[] [] would not violate the Federal Drug Act, or be at risk of facing federal prosecution by doing so. *See also Appel* . . . , 291 A.3d [at] 935 . . . ("[S]ince [the e]mployer is not prescribing marijuana, but rather reimbursing [the c]laimant for his lawful use thereof, [the e]mployer is not in violation of the Federal Drug Act.").

*Fegley*, 291 A.3d at 953. Accordingly, the Board erred by affirming WCJ Hemak's holding that Employer's reimbursement of Claimant's out-of-pocket medical marijuana costs violates federal law.

Claimant further argues that Employer should reimburse her for her out-of-pocket costs for medical marijuana, which is a reasonable, necessary, and related treatment for Claimant's accepted work injury where said costs were properly submitted to Employer for reimbursement. Specifically, Claimant contends that neither WCJ Hemak nor the Board challenged whether Claimant's medical marijuana was a reasonable, necessary, or related treatment for Claimant's work injury, at least implicitly accepting that it was so. Employer rejoins that Claimant's allegation that medical marijuana constitutes reasonable and necessary treatment for her work injury is irrelevant, since the issue of the treatment's reasonableness and

8

necessity was not before WCJ Hemak in the underlying Penalty Petition proceedings.

Employer is correct that because the denial of reimbursement was not based on whether the medical marijuana was not reasonable and necessary, or whether the out-of-pocket costs therefor were not properly submitted to Employer, but rather, the denial was based on Employer's contentions that said reimbursement was barred by the MMA and would expose Employer to criminal liability, those issues were not before WCJ Hemak. Because this Court holds that the MMA does not prohibit reimbursement for Claimant's out-of-pocket costs for her medical marijuana used to treat her work injury and does not expose Employer to criminal liability, Employer violated the WC Act by not reimbursing Claimant therefor. Accordingly, WCJ Hemak erred by denying Claimant's Penalty Petition.

For all of the above reasons, the Board's order is reversed, and the matter is remanded to the Board to remand to WCJ Hemak[9] to determine what, if

---

[9] If WCJ Hemak is unavailable, the Board shall remand to another WCJ.

9

any, penalty should be imposed.[10]

 

 

_____

ANNE E. COVEY, Judge

 

Judge Fizzano Cannon did not participate in the decision in this matter.

---

[10]

> "[T]he assessment of penalties[] and the amount of penalties imposed are matters within the WCJ's discretion." *Baumann v. Workers' Comp. Appeal Bd. (Kellogg Co.)*, 147 A.3d 1283, 1293 (Pa. Cmwlth. 2016) (emphasis omitted) (quoting *Gumm v. Workers' Comp. Appeal Bd. (Steel)*, 942 A.2d 222, 232 (Pa. Cmwlth. 2008)). However, "the imposition of a penalty is not required even if[, as here,] a violation of the [WC] Act is apparent on the record." *Farance v. Workers' Comp. Appeal Bd. (Marino Brothers, Inc.)*, 774 A.2d 785, 789 (Pa. Cmwlth. 2001).

*Fegley*, 291 A.3d at 954 n.21.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rae Ann Malak,                          :
                Petitioner              :
                                       :
              v.                      :
                                         :
Maxim Healthcare Services (Workers'     :
Compensation Appeal Board),             :      No. 396 C.D. 2021
                Respondent             :

## O R D E R

AND NOW, this 20th day of May, 2024, the Workers' Compensation (WC) Appeal Board's (Board) March 16, 2021 order is REVERSED, and the matter is REMANDED to the Board to remand to the WC Judge to determine what, if any, penalty should be imposed.

       Jurisdiction relinquished.


                                    _____
                                    ANNE E. COVEY, Judge